**Larry Wayne LOGSDON, Petitioner,**

v.

**Gean SCROGGY, Attorney General of Kentucky, Respondent.**

Civ. A. No. C 84–0390 L(A).

United States District Court,
W.D. Kentucky,
Louisville Division.

Sept. 27, 1984.

Larry Wayne Logsdon, pro se.

William E. Doyle, Asst. Atty. Gen., Frankfort, Ky., for defendant.

## MEMORANDUM OPINION

ALLEN, Chief Judge.

Larry W. Logsdon brings this petition seeking a writ of habeas corpus. 28 U.S.C. § 2254. Logsdon seeks to attack his guilty plea to three (3) counts of Armed Robbery on February 3, 1975. This guilty plea is the basis for Logsdon's guilty plea to one count of first degree persistent felony offender (PFO) on March 12, 1981. In essence, Logsdon seeks to attack his PFO sentence by attacking the underlying conviction. The Commonwealth moves to dismiss, arguing that Logsdon has waived any opportunity to raise this issue by failing to raise it in the 1981 proceedings. *See, e.g., Alvey v. Commonwealth,* 648 S.W.2d 858 (Ky.1983); *Copeland v. Commonwealth,* 415 S.W.2d 842 (Ky.1967); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Gayes v. State of New York,* 332 U.S. 145, 67 S.Ct. 1711, 91 L.Ed. 1962 (1947). After due consideration, we sustain the motion to dismiss.

We need only a brief review of the facts. Logsdon pled guilty to three counts of armed robbery on February 3, 1975. He was convicted of second degree escape on November 1, 1976. Subsequently, Logsdon obtained a parole, but on November 21, 1980, the Jefferson County Grand Jury indicted him for armed robbery. Logsdon pled guilty to that offense, and to one count of first degree PFO on March 12, 1981. On both occasions, Logsdon was represented by counsel.

In 1982, Logsdon decided to attack his 1975 guilty plea. On June 10th of that year, he filed a motion under RCr 11.42 and/or CR 60.02 claiming that his 1975 plea was invalid. Logsdon alleged ineffective assistance of counsel and unawareness of the language of the indictment. On June 18th, the trial court overruled the motion, treating it as a CR 60.02 motion, and overruled Logsdon's request for the appointment of counsel on the motion, and his

request for an evidentiary hearing. The Kentucky Court of Appeals dismissed Logsdon's appeal and the Kentucky Supreme Court affirmed. This action followed.

■ Kentucky law clearly holds that any attack on a prior conviction which is used to enhance a sentence or to designate the defendant as a habitual offender must be made *prior* to the imposition of the enhanced sentence. In other words, in order to attack the sentence or conviction used as the basis for a PFO sentence, the defendant must raise any claims concerning the infirmities of the underlying conviction during the PFO hearing. Otherwise, the defendant is thereafter barred from raising those claims. *Alvey v. Commonwealth,* 648 S.W.2d 858 (Ky.1983); *Ray v. Commonwealth,* 633 S.W.2d 71 (Ky.App.1982); *Thomas v. Commonwealth,* 437 S.W.2d 512 (Ky.1969); *Copeland v. Commonwealth,* 415 S.W.2d 842 (Ky.1967).

■ Thus, under Kentucky law, Logsdon should have raised his claims concerning his lack of assistance and his lack of understanding of the indictment at the 1981 sentencing on the PFO count. In view of this longstanding Kentucky practice, and the fact that Logsdon was represented by counsel, we cannot say that Logsdon did not have notice of this requirement.

We now turn to the question of whether this action is the type of action which the Supreme Court barred in *Wainwright v. Sykes, supra.* The *Wainwright* Court held that a federal habeas court must require compliance with a state court "contemporaneous objection" rule which waived all objections which could have been raised but were not raised at trial. *Wainwright* is applicable to this case. Logsdon could have raised any objections in 1981 that he raises now. Instead, he failed to do so. We find that this situation is one of the situations which *Wainwright* was designed to prevent. Had Logsdon raised his objections at that time, the trial court may have been able to resolve some of the issues in Logsdon's favor, or at least add some factual insight which would assist a reviewing court or a federal habeas court. Instead, Logsdon "slept" on his rights and failed to assert them. We find that he is barred from raising them now.

Furthermore, we find this case similar to *Gayes v. State of New York, supra.* In *Gayes,* an indigent youth pled guilty to a misdemeanor offense in 1938. In 1941, he was arrested and sentenced for another crime and given an additional sentence for being a "second offender." He then filed an application to vacate the 1938 sentence as a means to attack his "second offender" status. The Supreme Court held that since he had the ability to attack the 1938 guilty plea in his 1941 sentencing, he was barred from attacking the 1941 conviction on federal Constitutional grounds.

■ Subsequent courts have interpreted *Gayes* as standing for the proposition that a petitioner may not collaterally attack a sentence which a subsequent court has used to enhance a second sentence when he could have raised those grounds before the second court. *E.g., United States v. Moore,* 166 F.2d 102, 105 (7th Cir.1948). Likewise, federal courts have distinguished *Gayes* and have allowed relief, either habeas corpus or *coram nobis,* when the petitioner was not allowed to attack the prior proceeding in the second court. *E.g., Farnsworth v. United States,* 232 F.2d 59, 61, n. 2 (D.C.Cir.1956); *United States v. Lavallee,* 306 F.2d 417, 419, n. 3 (2nd Cir. 1962). Thus, under *Gayes,* this Court would have jurisdiction if Kentucky would not have allowed Logsdon to attack his 1975 guilty plea during his 1981 PFO sentencing procedure.

However, as we noted earlier, Kentucky not only allows Logsdon to raise this issue at the PFO sentencing, Kentucky requires him to raise this issue at that time or else waive it. Therefore, we find that Logsdon has waived his right to contest his 1975 guilty pleas and is barred from raising them in this Court on a petition of habeas corpus.

We will enter a judgment dismissing this case.