947 F.2d 946
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Charles STANFORD, Jr., Petitioner-Appellee,
v.
Al C. PARKE, Warden, Respondent-Appellant.
 No. 91-5248.
 United States Court of Appeals, Sixth Circuit.
 Oct. 29, 1991.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and ROSEN, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a district court judgment granting a writ of habeas corpus to William C. Stanford, Jr. Mr. Stanford is currently serving a state prison sentence for burglary, which sentence was enhanced by reason of his having pleaded guilty to being a persistent felony offender. The habeas petition was based on a claim that the performance of Stanford's lawyer was constitutionally defective because the lawyer failed to challenge the validity of prior guilty pleas that lay behind the persistent felony offender conviction.
 
 
 2
 The district court granted habeas relief on the basis of a finding that one of the prior guilty pleas was invalid. Two assignments of error are presented: (1) that the district court did not determine whether Mr. Stanford had ineffective assistance of counsel, and (2) that the district court did not determine whether the doctrine of laches barred the granting of relief. Finding the assignments of error well taken, we shall vacate the judgment and remand the case so that the district court can make the necessary determinations.
 
 
 3
 * In April of 1984 a Kentucky grand jury indicted Mr. Stanford on charges of first degree burglary, second degree burglary, and being a first degree persistent felony offender ("PFO"). Under Kentucky law "a persistent felony offender in the first degree is a person who is more than twenty-one (21) years of age and who stands convicted of a felony after having been convicted of two (2) or more felonies." Ky.Rev.Stat. § 532.080(3). Mr. Stanford had five previous felony convictions, which were listed in the indictment as follows: (1) on July 6, 1983, he pleaded guilty to first degree burglary and receiving stolen property of over $100; (2) on December 18, 1975, he pleaded guilty to dwelling house breaking; (3) on January 16, 1975, he pleaded guilty to uttering a forged instrument; (4) on February 25, 1972, he pleaded guilty to dwelling house breaking and burglary; and (5) on November 10, 1969, he pleaded guilty to dwelling house breaking, possession of burglar's tools and carrying a concealed deadly weapon.
 
 
 4
 In October of 1985 a petit jury found the petitioner guilty of first and second degree burglary. The jury recommended sentences of ten years for first degree burglary and five years for second degree burglary. The PFO charge was not submitted to the jury, because Mr. Stanford pleaded guilty to that charge.
 
 
 5
 The state trial court accepted the jury's sentence recommendations on the burglary convictions. Because of the PFO conviction, the court enhanced Stanford's sentence from ten to twenty years for first degree burglary and from five to ten years for second degree burglary. The sentences were to run concurrently.
 
 
 6
 Mr. Stanford appealed directly to the Supreme Court of Kentucky, challenging the sufficiency of the evidence for the burglary convictions. The Supreme Court affirmed the convictions.
 
 
 7
 Mr. Stanford then asked the trial court to vacate his sentence pursuant to Ky.R.Crim.P. 11.42. He claimed that he had not received effective assistance of counsel because his lawyer failed to investigate and challenge the prior convictions that were used for the PFO conviction. Mr. Stanford alleged that all but one of the prior convictions were invalid under Boykin v. Alabama, 395 U.S. 238 (1969), because the records failed to establish that the pleas were entered voluntarily and intelligently. He also alleged that the judge who convicted him in 1972 failed to establish a factual basis for his guilty plea.
 
 
 8
 In its response to Stanford's motion to vacate, the Commonwealth of Kentucky submitted the 1972 guilty plea transcript. The state trial court examined the transcript and denied the motion, finding that Stanford had knowingly and voluntarily pleaded guilty. Based on its finding, the court held that Mr. Stanford could not meet the tests of Strickland v. Washington, 466 U.S. 668 (1984), because he could prove neither that his counsel's performance was deficient nor that any such deficiency was prejudicial.
 
 
 9
 Mr. Stanford appealed the ruling on his ineffective assistance of counsel claim to the Kentucky Court of Appeals. That court found that his counsel was not ineffective for two reasons. First, after reviewing the 1972 guilty plea transcript, it agreed with the trial court that the petitioner had entered the guilty plea voluntarily. Secondly, the court noted that there were three other guilty pleas and that Stanford had the burden of proving his counsel's ineffectiveness in not challenging them. Since Stanford had failed to come forth with any proof that he entered the other pleas involuntarily, the court held that he could not rebut the presumption that his counsel was effective. The Kentucky Supreme Court subsequently denied a discretionary appeal.
 
 
 10
 In February of 1989 Mr. Stanford brought the instant habeas corpus case in the United States District Court for the Western District of Kentucky. He alleged that there had not been sufficient evidence to convict him on the burglary charges and that he had received ineffective assistance of counsel because his lawyer failed to challenge the validity of the prior convictions.
 
 
 11
 The respondent, warden of the prison where Mr. Stanford is confined, moved for dismissal or summary judgment. By supplemental brief the warden subsequently raised the issue of laches, contending that the passage of time has unduly prejudiced the Commonwealth in its ability to respond to Stanford's allegations.
 
 
 12
 The district court granted summary judgment against Stanford on the claim that there was insufficient evidence to support the burglary convictions, but the court declined initially to rule on the ineffective assistance of counsel claim. The court acknowledged that Stanford could not succeed without demonstrating (1) that his attorney would have had a basis for challenging the prior convictions and (2) that a reasonably competent attorney would have detected and presented such a challenge, but the court decided that it was necessary first to determine whether the prior guilty pleas were constitutionally tainted. The court therefore ordered the Commonwealth to determine the availability of the transcripts for the other guilty pleas.
 
 
 13
 The Commonwealth reported that it could not locate any transcript other than that relating to the 1972 conviction. The court then conducted an evidentary hearing on the 1972 proceedings. The lawyer and the trial judge from the 1972 case both took the stand and testified that they had no independent recollection of the case. The district court thereupon vacated the PFO conviction, holding that the 1972 guilty plea was not entered into knowingly and voluntarily. The commonwealth has appealed.
 
 II
 
 14
 Mr. Stanford is not making a direct attack on the validity of the prior guilty pleas. Under Kentucky law, such an attack could only have been made at the time of the guilty plea on the PFO charge. See Alvey v. Commonwealth, 648 S.W.2d 858 (Ky.1983) (right to contest validity of prior guilty pleas is waived if not raised in response to PFO charge); see also Logsdon v. Scroggy, 595 F.Supp. 626 (W.D.Ky.1984). Mr. Stanford has pursued his claim for habeas relief solely on the basis of the alleged ineffectiveness of his counsel in allowing him to plead guilty to the PFO charge.
 
 
 15
 The two-part test of Strickland v. Washington, 466 U.S. 668 (1984), applies to ineffective assistance of counsel claims asserted in the context of the guilty pleas. Hill v. Lockhart, 474 U.S. 52, 57 (1985); Sparks v. Sowders, 852 F.2d 882 (6th Cir.1988). To establish such a claim, it must first be shown that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. Sparks, 852 F.2d at 884. Secondly, the claimant must demonstrate that but for his counsel's ineffective performance he would not have pleaded guilty and would have insisted on going to trial. Id.
 
 
 16
 In the case at bar, the district court acknowledged, correctly, that Stanford needed to prove that his attorney's performance fell below minimum standards of competence and that but for this performance he would not have pleaded guilty. Unfortunately, however, the court made no findings on these matters.
 
 
 17
 A court deciding ineffective assistance of counsel claims must assess the reasonableness of counsel's conduct on the facts of the particular case as viewed at the time of counsel's conduct. Strickland, 466 U.S. at 695. The district court made no such assessment here. Neither did the court go on to determine whether the alleged ineffectiveness of counsel actually prejudiced Stanford. In this connection, the court was required to determine if there was a reasonable probability that Stanford would not have pleaded guilty but for his counsel's error. Hill, 474 U.S. at 59. Stanford has admitted that he had a knowledge of Boykin at the time he voluntarily pleaded guilty to the PFO charge. Given this knowledge of Boykin, we are unwilling to assume that he would have insisted on going to trial but for the alleged shortcomings of his lawyer.
 
 III
 
 18
 The Commonwealth argues that the district court erred in not addressing the laches claim. We agree.
 
 
 19
 Rule 9(a) of the Rules governing 28 U.S.C. § 2254 cases, which codifies the equitable doctrine of laches as applied to habeas cases, provides that a court may dismiss a habeas petition
 
 
 20
 "if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred."
 
 
 21
 This court has adopted a two-part test for applying laches in habeas cases:
 
 
 22
 "First, the state must appear to have been prejudiced in its ability to respond to petitioner's claims. Second, the petitioner must be given the opportunity to meet or rebut the apparent prejudice to the state, or to show that whatever prejudice the state has suffered would not have been avoided had the petition been filed earlier." Davis v. Adult Parole Authority, 610 F.2d 410, 414 (6th Cir.1979).
 
 
 23
 In this case, the prior convictions date back 16 to 22 years. The Commonwealth cannot locate any transcripts of these proceedings, nor can it present any witnesses to establish that Stanford intelligently and voluntarily pleaded guilty. On remand, the court should address the Commonwealth's laches argument in accordance with the test set forth in Davis.
 
 
 24
 For the reasons stated, the judgment is VACATED, and the case is REMANDED for further proceedings not inconsistent with this opinion.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation