**Dennis Paul ALVEY, Movant,**

v.

**COMMONWEALTH of Kentucky, Respondent.**

Supreme Court of Kentucky.

March 30, 1983.

Jack E. Farley, Public Advocate, Mark A. Posnansky, Asst. Public Advocate, Frankfort, for movant.

Steven L. Beshear, Atty. Gen., Greg Holmes, Asst. Atty. Gen., Frankfort, for respondent.

## OPINION OF THE COURT

This is an appeal from a motion to vacate judgment pursuant to RCr 11.42. The Court of Appeals affirmed the judgment. We granted discretionary review to be heard at oral argument with six other cases which, in part, involved similar questions regarding post-conviction relief. The principal opinion is *Gross v. Commonwealth,* Ky., 648 S.W.2d 853 (1983) published this day. So much of that opinion as is dispositive of issues raised on this appeal is incorporated herein by reference.

There are certain differences between the present case and *Gross* which is an attack on the judgment under CR 60.02. The opinion by the Court of Appeals in the present case, which has direct application to RCr 11.42 proceedings, is adopted as the opinion of this court in the present case and is intended to supplement the opinion in *Gross.*

Opinion of the Court of Appeals by Judge Lester:

"This is an appeal from denial of relief requested pursuant to RCr 11.42.

In March, 1976, appellant was indicted upon four counts of robbery, first degree, wanton endangerment, first degree (one count), illegal possession of a narcotic (codeine)—own use, illegal possession of a hallucinogenic (marijuana)—own use, and trafficking in controlled substances (amphetamine and methaqualone). The possession counts were dismissed. After considerable plea bargaining, in which Alvey actively participated, various sentences were imposed, upon guilty pleas, of a total of ten years to run concurrently. In addition, appellant received a twenty year sentence on one of the robbery charges, but was placed on probation for a period of five years.

After the service of an undisclosed period of time, Alvey was paroled, and committed another offense which brought about a Persistent Felony Offender II indictment to which he also entered a plea of guilty on September 9, 1980. This, in turn, caused appellant's filing, on October 17, 1980, of his pro se motion to vacate the judgment entered four years previously. As is true in so many of this type of case, an appellant finds no fault with his initial or earlier criminal proceedings but when he is released from confinement and continues his life of illegal activities with its attendant persistent felony offender charge, then, and only then, does it occur that the accused has been denied due process. In many instances the offender has a distinct advantage because with the passage of time witnesses become unavailable, memories fade or any number of things may happen which make a second prosecution impractical or even impossible. In situations such as this, where a defendant has been convicted of one or more felonies and is subsequently tried and convicted as a persistent felon based on the earlier convictions, this jurisdiction requires him to raise any issues about the validity of those earlier convictions at the time he is tried as a persistent felon. If he does not, he is precluded from contesting the validity of the earlier convictions in subsequent post-conviction proceedings. *Ray v. Commonwealth,* Ky.App., 633 S.W.2d 71 (1982); *Copeland v. Commonwealth,* Ky., 415 S.W.2d 842 (1967). In *Ray,* the defendant failed to raise the issue of whether earlier guilty pleas were voluntary at the time he was tried as a persistent felon. In *Copeland,* the defendant failed to raise the issue of whether he was represented by counsel at earlier guilty plea hearings at the time he was tried as a habitual criminal.

In the case at bar, appellant entered guilty pleas in 1976. Although his pleas may have been perfectly voluntary, the record fails to comply with federally imposed standards for determining whether they were voluntary. However, on September 9, 1980, appellant entered a guilty plea to a

persistent felony offender charge which was based on the 1976 convictions. At his RCr 11.42 hearing, appellant admitted that at the time he plead guilty to being a persistent felon he did not raise any issue about the validity of his 1976 guilty pleas. By failing to do so he waived his right to contest them in any subsequent post-conviction proceeding. *Ray v. Commonwealth, supra; Copeland v. Commonwealth, supra.*

There is a substantial difference between a situation in which the record in a guilty plea proceeding does not pass constitutional muster, and one in which post-conviction proceedings are filed after a defendant has already had an opportunity to raise issues about the validity of earlier guilty pleas but has failed to do so. In the latter instance we should not afford the defendant a second bite at the apple. Moreover, we fail to perceive that there is any constitutional impediment in following such a course since we do not believe that the persistent felony offender type of situation was anticipated or was it meant to be encompassed in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

The trial court is affirmed.

ALL CONCUR."

The decision of the Court of Appeals is affirmed.

STEPHENS, C.J., AKER, GANT, LEIBSON and STEPHENSON, JJ., and TIPTON and WARREN, Special Justices, concur.