Thomas HOWARD, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

88–SC–761–MR.

Supreme Court of Kentucky.

Sept. 7, 1989.

As Corrected Sept. 8 and Nov. 1, 1989.

Rehearing Denied Nov. 9, 1989.

Daniel T. Goyette, of counsel; Frank W. Heft, Jr. Chief Appellate Defender of the Jefferson Dist. Public Defender, Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Jill Hall, Asst. Atty. Gen., Crim. Appellate Div., Frankfort, for appellee.

## OPINION OF THE COURT

On August 31, 1988, appellant entered conditional pleas of guilty to the charges of trafficking in a controlled substance/subsequent offender (KRS 218A.140 and 218A.990 respectively) and of being a persistent felony offender in the first degree (KRS 532.080(3), hereafter PFO 1). The issues preserved for our review pursuant to RCr 8.09 are framed as follows:

I. The trial court should have sustained the appellant's motion to dismiss the PFO 1 charge because his prior conviction pursuant to a 1978 indictment is constitutionally invalid, and

II. It was impermissible for the Commonwealth to use one count of a 1983 conviction to establish the offense of subsequent offender and use the remaining counts of said indictment to establish PFO 1 status.

A clear understanding of the chronology of appellant's criminal record is necessary for this opinion and follows:

1980—Appellant pled guilty to charges of criminal possession of a forged instrument in the first degree and criminal possession of a forged instrument in the second degree. Probated sentence.

1983—Appellant pled guilty to charges of illegal possession of a controlled substance, criminal possession of a forged instrument in the second degree, possession of a handgun by a convicted felon and PFO in the second degree. Five year sentence.

1988—Appellant pled guilty to charges of trafficking in a controlled sub-

stance/subsequent to offender and of being a PFO 1. Twenty year sentence.

In *Alvey v. Commonwealth*, Ky., 648 S.W.2d 858 (1983), we adopted the Court of Appeals' language and stated:

In situations such as this, where a defendant has been convicted of one or more felonies and is subsequently tried and convicted as a persistent felon based on the earlier convictions, this jurisdiction requires him to raise any issues about the validity of those earlier convictions at the time he is tried as a persistent felon. If he does not, he is precluded from contesting the validity of the earlier convictions in subsequent post-conviction proceedings. [Citations omitted.]

*Id.* at 859.

■ The charge of being a PFO in the second degree to which appellant pled guilty was predicated upon his 1980 convictions. Had he considered the earlier convictions to be infirm the time to attack them was in 1983 when the challenge was a live issue. Once he acquiesced to this charge, the validity of his conviction as a PFO in the second degree became final and cannot now be resurrected. This is the essence of our holding in *Alvey, supra.*

Appellant's second issue tacks along the following line. He pled guilty in 1983 to one misdemeanor and two felonies. The sentences were made to run concurrently. The 1988 PFO 1 charge was partly based upon the 1983 felony convictions, while the 1988 subsequent offender charge was based upon the 1983 drug misdemeanor conviction, the charge of which was contained in the same indictment as the 1983 felony charges.

Appellant makes use of KRS 532.080(4) which provides:

For the purpose of determining whether a person has two (2) or more convictions of crime for which that person served concurrent or uninterrupted consecutive terms of imprisonment shall be deemed to be only one conviction, unless one (1) of the convictions was for an offense committed while that person was imprisoned.

Relying upon this statute he argues that since the sentences were run concurrently, all of his 1983 convictions merged for PFO purposes, and could not later be "split" by the Commonwealth to obtain both PFO 1 and subsequent offender convictions. He attempts to buttress his argument with KRS 532.110(1)(a) which provides that "[a] definite and an indeterminate term shall run concurrently and both sentences shall be satisfied by service of the indeterminate term." Appellant points out that considering the effect of these two statutes, along with the fact that the two felonies and one misdemeanor to which he pled guilty stemmed from the same indictment, the Commonwealth could not later split what has been merged and use the felonies to obtain a PFO 1 conviction and the misdemeanor to obtain. a subsequent offender conviction.

■ We believe the appellant is, proverbially speaking, comparing apples to oranges. The 1983 sentences merged, but the 1983 convictions, except the felonies for PFO purposes, did not. Appellant was convicted of a felony in 1980 and, in 1983, after being convicted of two felonies whose sentences were run concurrently, for purposes of being adjudicated a PFO 1, was convicted of *one more* felony. Those two felony convictions, along with the 1988 felony conviction, gave him the minimum number of felonies (three) to be convicted as a PFO 1. The 1983 felony convictions were merged for purposes of the PFO statute. The 1983 drug misdemeanor conviction, on the other hand, never merged with the 1983 felony convictions for any purpose, always stood alone, and was independently used to obtain the subsequent offender conviction.

The judgment of the trial court is affirmed.

STEPHENS, C.J., and COMBS, GANT and WINTERSHEIMER, JJ., concur.

VANCE, J., dissents by separate opinion, in which LAMBERT and LEIBSON, JJ., join.

VANCE, Justice, dissenting.

I respectfully dissent from that portion of the majority opinion which holds that even though appellant raised the issue of the validity of a 1980 prior conviction before his 1988 trial as a first degree persistent felony offender, he had forfeited his right to raise such an issue by his failure to raise it in 1983 when he pled guilty as a second degree PFO on the basis of the same prior conviction.

The majority cites *Alvey v. Commonwealth*, Ky., 648 S.W.2d 858 (1983), as authority for the decision but the majority opinion represents a quantum leap from the holding in *Alvey*. In *Alvey* we held that a defendant charged as a PFO who failed to raise during his trial on the PFO charge any question as to the validity of his prior conviction could not thereafter contest his PFO sentence in a collateral RCr 11.42 attack.

*Alvey*, supra, did not hold that once a defendant has failed to raise the validity of a prior conviction at trial of a PFO charge he is forever thereafter precluded from contesting the validity of the prior conviction. The 11.42 motion in *Alvey* was an attack, not on the validity of the prior conviction but rather upon his sentence as a PFO. We did not hold that he could not attack the validity of the prior conviction but only held that because he did not raise the issue of the prior conviction at his trial on the PFO charge, he could not collaterally attack his PFO sentence on that ground.

The very purpose of RCr 11.42 is to allow vacation of judgments which are the result of the denial of constitutional due process. A motion to vacate for denial of constitutional due process may be filed within a period of days, months or years after the judgment of conviction. I do not understand the logic in saying this defendant should have raised the issue in his 1983 trial as a PFO when he had the opportunity to do so and failing that he is forever precluded from contesting the validity of that prior conviction. True, he could not contest its validity in an attack upon his PFO sentence at the 1983 trial because he did not raise the issue in the 1983 trial but

I see no reason why he should not be allowed to raise the issue for the first time at a later trial as he attempted to do here when he was again accused as a PFO. The issue then, unlike the issue in *Alvey*, supra, would be whether or not the prior conviction was obtained in violation of constitutional due process and, of course, if the prior conviction is vacated it cannot be used as a basis of a PFO conviction at the second trial.

The majority decision seems to be based upon the fact that appellant had the opportunity to raise the issue concerning his 1980 conviction at his 1983 trial and having failed to do so he should never be allowed to raise it thereafter. It must be noted however that appellant had the opportunity to raise the issue of the validity of his prior 1980 conviction every day between 1980 and his 1983 trial. Does the majority opinion mean that one who fails to raise validity of a prior conviction at his first opportunity to do so, cannot thereafter ever raise the question—if so, RCr 11.42 will become meaningless unless the prior conviction is attacked on the next day following the entry of judgment.

It would seem to follow from the majority opinion that the appellant even today, would not be allowed to attempt to set aside his 1980 conviction even though he could clearly and convincingly show that that conviction resulted from a denial to him of due process under the United States Constitution. I do not believe we should, in this manner, foreclose his right to constitutional due process.

LAMBERT and LEIBSON, JJ., join in this dissenting opinion.