**Ricky GRAHAM, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 96–SC–383–DG.

Supreme Court of Kentucky.

Sept. 4, 1997.

Elizabeth A. Shaw, Richmond, for appellant.

A.B. Chandler, III, Attorney General, Elizabeth A. Myerscough, Assistant Attorney General, Criminal Appellate Division, Frankfort, for appellee.

**OPINION**

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which affirmed the orders of the Mason Circuit Court overruling the motion by Graham to vacate judgment pursuant to RCr 10.26, RCr 11.42, CR 60.02 and CR 60.03, without conducting an evidentiary hearing.

Graham argues that the circuit judge erred and misapplied *Cole v. Commonwealth,* Ky., 441 S.W.2d 160 (1969) and *Howard v. Commonwealth,* Ky., 777 S.W.2d 888 (1989); that the circuit judge erred when he denied a claim of ineffective assistance of counsel and finally, that Graham is entitled to reversal of his conviction because of the remarks of the prosecutor.

In 1983 Graham was originally convicted of one count of trafficking in narcotics and one

count of trafficking in a nonnarcotic and sentenced to five years in prison and fined $5,000. The Court of Appeals affirmed his direct appeal and this Court denied discretionary review. In 1993, he filed a motion for relief pursuant to RCr 10.26, RCr 11.42, CR 60.02 and CR 60.03. The circuit judge denied all of his requests for relief because all of the issues raised in his motion could have been presented in the 1983 direct appeal and Graham's subsequent guilty pleas in 1987 and 1991 to persistent felony offender charges precluded any later review of the 1983 conviction on constitutional grounds. The Court of Appeals affirmed. This Court accepted discretionary review.

■ This controversy involves the proper method of challenging the validity of prior convictions which are used as the basis for PFO charges. One approach holds that such challenges are to be made in the circuit court where the convictions were obtained. The reasoning to support this is because that is the court which would have access to all the information which might be needed to resolve the case. Another approach would require that attacks on prior convictions are made in the court which is handling the PFO proceeding, in which the prior convictions are to be used to enhance the sentence.

In this case, Graham seeks RCr 11.42 relief from a 1983 conviction. However, he entered guilty pleas to PFO II and I in 1987 and 1992. The 1983 conviction was used as a basis for the PFO charges.

The circuit judge stated that Graham had waived his right to RCr 11.42 relief on the 1983 conviction because he did not dispute the validity of his prior conviction at the time he subsequently entered guilty pleas to PFO. *Alvey v. Commonwealth*, Ky., 648 S.W.2d 858 (1983); *Howard v. Commonwealth, supra.*

The real question presented by Graham in this appeal is whether *Howard* should be overturned or modified in light of *McGuire v. Commonwealth*, Ky., 885 S.W.2d 931 (1994) and *Webb v. Commonwealth*, Ky., 904 S.W.2d 226 (1995). Both *McGuire, supra*, and *Webb, supra*, adopt the holding of *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), in which the U.S. Supreme Court held that a defendant has no

right to collaterally attack the validity of a prior state conviction used to enhance a sentence under the Federal Armed Career Criminal Act.

In *McGuire* and *Webb*, this Court found that the Persistent Felony Offender Statute is also based on the fact of the prior conviction used for enhancement and not the validity of the conviction. Both *McGuire* and *Webb* limit attacks on prior convictions for PFO purposes only to challenges for lack of counsel. *Webb* recognized in a footnote in *McGuire* that the validity of prior convictions can be challenged through RCr 11.42 convictions if the prior conviction is invalid and was used to support a PFO conviction. At that time, a defendant may seek to reopen the case for purposes of PFO sentencing.

*Howard* held that a defendant must raise the validity of prior convictions for PFO purposes no later than the time of the PFO trial. If a defendant does not do so, that defendant is prohibited from any other collateral attack involving those prior convictions. *Cf. Alvey, supra.*

*Howard* is still viable in light of *McGuire* and *Webb* insofar as it deals with guilty pleas to PFO charges. It certainly applies to the situation presented here. The holding of *Howard* concerning a collateral attack on prior convictions used as a basis for a PFO guilty plea does not conflict in any way with the holdings of *McGuire, Webb*, or *Custis*. The rationale of *Howard* remains valid and the holding of the case applies to a PFO guilty plea.

It should be recognized that subsequent Federal cases do not interpret *Custis* as supporting an attack on prior felony convictions. *United States v. Bureau*, 52 F.3d 584 (6th Cir.1995) denied a challenge to the prior conviction noting that it did not come within the *Custis* exception of lack of counsel. *McGuire, Webb* and *Custis* cannot be interpreted so as to permit an unlimited collateral attack on prior convictions; these cases only recognize that a limited challenge, based on the lack of counsel, may be presented at PFO proceedings.

It is acknowledged that the language of *Webb* mirrors material from other cases but should be put into appropriate context. *Webb* quoted from *McGuire* which in turn quoted from *Custis*. *McGuire* involved a very narrow issue and *Custis* concerned a question under a Federal sentencing statute. It could be argued that the language of *Webb* implies that defendants are no longer bound by *Commonwealth v. Gadd*, Ky., 665 S.W.2d 915 (1984), *Commonwealth v. Stamps*, Ky., 672 S.W.2d 336 (1984) or *Howard*. Such an interpretation is incorrect. These cases provide that when a defendant is facing PFO charges and wishes to challenge the validity of a prior conviction, the defendant must file a preliminary motion before the trial judge who is handling the PFO proceedings. If he does not do so, he has waived his right to a subsequent collateral attack pursuant to RCr 11.42. Some might argue that this Court's decision in *Webb*, in essence, adopted the dissenting position in *Howard*. We do not agree.

The issue in *McGuire* was whether this Court would follow only a certain aspect of *Custis*. The *McGuire* issue was whether trial courts would be required to conduct preliminary hearings into the constitutional underpinnings of a judgment of conviction offered to prove PFO status. *Custis* indicated that such hearings were not necessary unless a defendant had claimed a complete denial of counsel in the prior hearing. This Court elected to follow *Custis* in that limited regard. It may be argued by some that the specific language quoted in *Webb* from *McGuire* creates the impression that *Stamps* and *Gadd* are no longer valid and that a defendant could elect to challenge a prior conviction even after it had been used in PFO proceedings. We do not agree with that analysis. *Custis* specifically provided that PFO challenges belong in state court and are a matter of state proceedings.

■ Graham raises two other issues in this appeal. We find them to be without merit. The circuit court did not err when it refused to find that Graham had received ineffective assistance of counsel after trial counsel failed to object to allegedly prejudicial misconduct during closing argument.

The same is true of the allegedly prejudicial remarks attributed to the prosecutor during closing argument. Neither of these arguments are convincing.

■ It is the holding of this Court that *Howard* is still the applicable case law. When a defendant is charged with PFO, it is incumbent upon the defendant to challenge the validity of the prior conviction within the PFO proceeding. If a defendant fails to do so, the validity of the conviction is final and cannot be challenged in a subsequent RCr 11.42 proceeding.

The decision of the Court of Appeals is affirmed.

STEPHENS, C.J., and GRAVES, JOHNSTONE and WINTERSHEIMER, JJ., concur.

COOPER, J., concurs in result only.

STUMBO, J., dissents by separate opinion in which LAMBERT, J., joins.

STUMBO, Justice, dissenting.

*Webb v. Commonwealth*, Ky., 904 S.W.2d 226 (1995), could not have been more clear. It involved the attempted suppression of two prior felony convictions by the defendant therein on the ground that *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), had been violated. A hearing was held on that motion to suppress and the motion overruled. The specific grounds for the motion was the failure to be advised of his Sixth Amendment right to confront his accusers. We looked at *McGuire v. Commonwealth*, Ky., 885 S.W.2d 931 (1994), wherein we had adopted the reasoning of *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), and held that proof of PFO status in this state requires only proof of the fact of previous felony conviction, not proof of the underlying validity of those convictions. *Webb, supra* at 229. We then quoted *McGuire's* holding that:

Kentucky trial courts are no longer required to conduct a preliminary hearing into the constitutional underpinnings of a judgment of conviction offered to prove PFO status unless the defendant claims "a

complete denial of counsel in the prior proceeding."

*Id.*

We then reached the holding of the *Webb* case:

The appropriate remedy to challenge the 1985 and 1991 guilty pleas is through a CR 11.42 proceeding and the *Respondent* " *'may . . . apply for reopening of any . . . sentence [thus] enhanced.'* " *McGuire,* 885 S.W.2d at 937 n. 1 (quoting *Custis,* 511 U.S. at 496–97, 114 S.Ct. at 1739).

*Id.* (emphasis added).

Now, if you can only challenge a prior conviction for the complete lack of counsel when that conviction is being used to prove PFO status, Appellant herein did exactly what this Court told him to do: he filed an RCr 11.42. As Justice Vance said in his dissenting opinion in *Howard v. Commonwealth,* Ky., 777 S.W.2d 888, 890 (1989):

Does the majority opinion mean that one who fails to raise validity of a prior conviction at his first opportunity to do so, cannot thereafter ever raise the question—if so, RCr 11.42 will become meaningless unless the prior conviction is attacked on the next day following the entry of judgment.

We have nearly reached the point that, having complicated this process with every opinion we render on the subject, the most conscientious of counsel is uncertain of whether to raise a challenge, what type of challenge is appropriate and what court to file in. I dissent.

LAMBERT, J., joins this dissenting opinion.