**COMMONWEALTH of Kentucky, Appellant,**

v.

**Kenneth G. HODGES, Appellee.**

No. 97–SC–664–DG.

Supreme Court of Kentucky.

Dec. 17, 1998.

# 101

A.B. Chandler III, Attorney General, Perry T. Ryan, Asst. Attorney General, Frankfort, for Appellant.

Jill Hall Rose, Lexington, for Appellee.

## OPINION OF THE COURT

On the appeal by Kenneth G. Hodges from the Warren Circuit Court judgment entered pursuant to the jury verdict finding him guilty of D.U.I. fourth or subsequent offense within five years and of being a P.F.O. II, the Court of Appeals affirmed in part and reversed in part. Having granted the Commonwealth's motion for further review regarding the reversal relating to the second and third of the five D.U.I. convictions accumulated by Hodges during a five-year period, upon a careful review of the briefs and the record we now reverse the partial reversal and reinstate the judgment.

On June 7, 1994, with the assistance of counsel Hodges pled guilty in Warren Circuit Court to some of the several charges against him arising out of his driving on April 12, 1994. More specifically, Hodges pled guilty to D.U.I. fourth, operating a motor vehicle while license is revoked, and attempting to elude, receiving concurrent sentences totalling four years but probated for five years in the judgment entered on July 7, 1994. No challenge was raised in that case concerning the validity of the three relevant previous D.U.I. convictions accumulated by Hodges in less than five years. Those three convictions, all involving guilty pleas, included a July 1991 Monroe District Court guilty plea entered with the assistance of counsel and involving driving on April 2, 1991, followed by May 1992 and September 1993 guilty pleas accepted by Warren District Court. The May 1992 guilty plea involved driving less than a month earlier with a .14 blood/alcohol level, while the 1993 guilty plea involved impaired driving as observed by a deputy jailer on June 22, 1993.

Barely a year into his probationary period for his felony conviction for fourth offense D.U.I., on the morning of July 26, 1995, a vehicle driven by Hodges was observed by Trooper Jim Ray running a stop sign and nearly colliding with another vehicle on Old Scottsville Road south of Bowling Green. Trooper Ray, the only witness at the guilt/innocence phase of the trial, testified that Hodges failed two field sobriety tests and admitted that he had "been drinking all night" but refused breathalyzer testing. In this Court, Hodges has not contested the sufficiency of the evidence to support this his fifth D.U.I. conviction within five years.

In the second phase of the trifurcated trial, the jury found Hodges guilty of D.U.I. fourth offense and fixed a three-year sentence based upon proof of the 1991, 1992 and 1993 convictions. In the third phase, the 1994 conviction was utilized as the prior felony supporting the P.F.O. II conviction, for which Hodges received a sentence enhancement from three to six years.

On the day before the trial held on November 7, 1995, counsel for Hodges first orally and then in writing challenged the 1992 and 1993 convictions, despite the defendant's signatures on appropriate guilty plea forms, as uncounseled and allegedly violative of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Although the Commonwealth has protested its failure to receive written notice preceding such argument, the circuit court in any event overruled the motion to suppress, promising to prepare written factual findings. The record contains no such findings.

In the Court of Appeals, counsel for Hodges alleged a *Boykin* violation and double enhancement. This Court's review was not requested regarding either the appellate court's rejection of the double enhancement argument or its perception of no *Boykin* violation. Still, writing shortly before this Court's decision in *Graham v. Commonwealth*, Ky., 952 S.W.2d 206 (1997), the appellate panel reversed based upon the evidence that Hodges was not represented by counsel,

at the time of the second and third guilty pleas at issue.

In *Graham*, this Court reaffirmed the waiver logic of *Howard v. Commonwealth*, Ky., 777 S.W.2d 888 (1989), in which the failure to challenge the validity of a prior conviction upon conviction as a P.F.O. II barred such a challenge in the subsequent P.F.O. I prosecution. The same logic equally applies in this case, in which Hodges with the assistance of counsel pled guilty to the felony of fourth offense D.U.I. in 1994, presenting no challenge to the validity of the three relevant prior D.U.I. convictions. Hodges, who we also note was well aware of D.U.I. law and his constitutional rights prior to the 1992 and 1993 guilty pleas which bear his signature, waived any argument in that regard under all the circumstances of this case.

The portion of the Court of Appeals decision reversing in part and remanding is reversed, and the Warren Circuit Court judgment of conviction is reinstated.

All concur.