COMMONWEALTH of Kentucky, Appellant,

v.

Bryan T. LAMBERSON, Appellee.

No. 2006–CA–001079–MR.

Court of Appeals of Kentucky.

Aug. 16, 2006.

Modified and Ordered Published Aug. 25, 2006.

Before BARBER, GUIDUGLI, and JOHNSON, Judges.

## ORDER

JOHNSON, Judge.

Bryan T. Lamberson was indicted by a Jefferson County grand jury on April 1, 2005, for one count of operating a motor vehicle under the influence of intoxicants, fourth offense,[1] one count of reckless driving,[2] and one count of operating a motor vehicle without illuminated headlights.[3] On December 14, 2005, Lamberson, by counsel, filed a motion in the Jefferson Circuit Court to suppress his August 29, 2000, conviction in the Bullitt District Court for operating a motor vehicle under the influence of intoxicants, first offense.[4]

In his motion to suppress, Lamberson argued that his guilty plea in the Bullitt District Court was accepted in violation of the law as set forth in *Tipton v. Commonwealth.*[5] In *Tipton,* this Court held that a court abuses its discretion when it accepts a plea of guilty *in absentia* for any offense, such as driving under the influence, for which an enhanced penalty may be imposed for subsequent convictions. During the proceedings in the Bullitt District Court, Lamberson was not present during his attorney's entry of a guilty plea. Instead, Lamberson's attorney presented the Bullitt District Court with a written waiver executed by Lamberson. Under these facts, Lamberson asserted that the Bullitt District Court failed to properly verify that his guilty plea to the charge of operating a motor vehicle under the influence of intoxicants, first offense, was made knowingly and voluntarily in accordance with *Boykin v. Alabama.*[6] The Jefferson Circuit Court agreed with Lamberson's argument and entered an order on April 10, 2006, granting Lamberson's motion to suppress, thereby precluding the Commonwealth from introducing any evidence of Lamberson's conviction in the Bullitt District Court for operating a motor vehicle under the influence of intoxicants, first offense. The Commonwealth filed a notice of appeal on May 10, 2006. The Jefferson Circuit Court has scheduled Lamberson's trial for August 17, 2006.

On July 31, 2006, the Commonwealth, by counsel, pursuant to CR 76.33 [7] moved this Court for emergency relief and intermediate relief to stay the August 17,

1. Kentucky Revised Statutes (KRS) 189A.010(1)(a). Operating a motor vehicle under the influence of intoxicants, fourth offense, is a Class D felony. KRS 189A.010(5)(d).

2. KRS 189.290.

3. KRS 189.030(1) and KRS 189.040(1).

4. Case No. 00–T–04261.

5. 770 S.W.2d 239 (Ky.App.1989).

6. 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

7. Kentucky Rules of Civil Procedure (CR) 76.33 authorizes intermediate relief "upon a satisfactory showing that otherwise [the moving party] will suffer immediate and irreparable injury before a hearing may be had on the motion." *Kentucky Utilities Co. v. South East Coal Co.,* 836 S.W.2d 388 (Ky.1991).

2006, trial. In an order entered on August 1, 2006, Chief Judge Combs passed the Commonwealth's motion for emergency relief and the motion for intermediate relief and ordered this matter presented to a panel of this Court after the response time has run because the August 17, 2006, trial date is beyond the August 10, 2006, deadline for filing responses to the Commonwealth's motions. As no response was filed by Lamberson prior to the August 10, 2006, deadline, this matter is now properly before this Court.

In its motion for intermediate relief, the Commonwealth asserts that the Jefferson Circuit Court should be prohibited from scheduling and commencing any further proceedings in this matter, including the scheduled August 17, 2006, trial, pending the finality of this interlocutory appeal. While KRS 22A.020 permits the Commonwealth to pursue interlocutory appeals, KRS 22A.020(4) clearly provides that this type of appeal shall not suspend the proceedings in the case. However, in *Commonwealth v. Bailey*,[8] our Supreme Court held that the proceedings referred to in KRS 22A.020(4) are "proceedings after the attachment of jeopardy." Consequently, once the proceedings commence and jeopardy attaches, the proceedings will not be suspended while the Commonwealth seeks review of rulings made during the course of the trial.[9]

■ In a jury trial, jeopardy attaches once the jury is empaneled and sworn.[10] Here, it is clear that jeopardy has not attached in this matter as no jury has been sworn to determine whether Lamberson is guilty of the offenses with which he has been indicted. Moreover, any delay attributable to the time consumed by a good faith interlocutory appeal of the suppression order by the Commonwealth will not violate Lamberson's right to a speedy trial.[11] Therefore, staying the trial while the pre-trial suppression order entered by the Jefferson Circuit Court on April 10, 2006, is under review by this Court on appeal does not violate KRS 22A.020(4).

Therefore, having considered the Commonwealth's motion for emergency relief, and being otherwise sufficiently advised, this Court ORDERS that this motion be, and it is hereby, DENIED, as the Commonwealth's motion for intermediate relief has been considered by this Court prior to the scheduled August 17, 2006, jury trial.

Having considered the Commonwealth's motion for intermediate relief, and being otherwise sufficiently advised, this Court ORDERS that this motion be, and it is hereby, GRANTED. The Jefferson Circuit Court is hereby PROHIBITED from commencing any further proceedings, including the scheduled August 17, 2006, jury trial, in Jefferson Circuit Court indictment number 05–CR–001177, *Commonwealth of Kentucky v. Bryan Lamberson* until such time as the above-styled interlocutory appeal becomes final.

**8.** 71 S.W.3d 73, 84 (Ky.2002).

**9.** *Id.*

**10.** *Couch v. Maricle,* 998 S.W.2d 469 (Ky. 1999).

**11.** *United States v. Loud Hawk,* 474 U.S. 302, 315–316, 106 S.Ct. 648, 656, 88 L.Ed.2d 640 (1986); *Tamme v. Commonwealth,* 973 S.W.2d 13, 22–23 (Ky.1998).