COMMONWEALTH of Kentucky, Appellant,

v.

Bryan LAMBERSON, Appellee.

No. 2008–CA–000763–MR.

Court of Appeals of Kentucky.

Jan. 15, 2010.

Jack Conway, Attorney General, Jeanne Anderson, Special Assistant Attorney General, Frankfort, KY, Teresa Young, Special Assistant Attorney General, Louisville, KY, for appellant.

Robert A. Chandler, Louisville, KY, for appellee.

Before ACREE and NICKELL, Judges; KNOPF,[1] Senior Judge.

## OPINION

NICKELL, Judge.

The Commonwealth brings this interlocutory appeal to determine whether Bryan Lamberson's 2000 conviction for operating a motor vehicle under the influence of intoxicants (DUI), first offense, may be used to enhance a 2004 charge of DUI, fourth offense.[2] The question arises because Lamberson was in a Missouri residential treatment facility when his attorney entered a guilty plea for him in the Bullitt District Court on the 2000 charge. Both parties agree Lamberson was not present when the guilty plea was accepted and entered by the Bullitt District Court and he never executed the written waiver of appearance required by RCr[3] 8.28(4) when a plea is taken *in absentia* for an offense subject to enhancement, such as DUI. While conceding noncompliance with RCr 8.28(4), the Commonwealth argues the 2000 conviction for DUI, first offense, remains viable for enhancement purposes because Lamberson twice, without objection, allowed the Commonwealth to use that same conviction to enhance his 2001 conviction for DUI, second offense, and his 2002 conviction for DUI, third offense. Thus, the Commonwealth contends Lamberson's current challenge is too late and the trial court erred in suppressing the 2000 conviction for DUI, first offense, for enhancement purposes. Having reviewed the evidence, the trial court's rulings, and the law, we reverse the Jefferson Circuit Court's pretrial order suppressing use of Lamberson's 2000 conviction for enhancement purposes and remand the matter to the trial court for further proceedings.

## PROCEDURAL HISTORY

Following a traffic stop in Jefferson County on December 17, 2004, Lamberson was indicted on three offenses, one of which was operating a motor vehicle under the influence of intoxicants, fourth offense. Lamberson had a 1990 conviction for driving under the influence with serious bodily

1. Senior Judge William L. Knopf sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. KRS 189A.010(1), (5)(d), a Class D felony. Lamberson was also indicted on a single count of reckless driving, a violation under KRS 189.290; and one count of operating a motor vehicle without illuminated head lamps, a violation under KRS 189.030(1) and 189.040(1).

3. Kentucky Rules of Criminal Procedure.

injury in the state of Florida;[4] a 2000 conviction for DUI, first offense, in Bullitt County, Kentucky; and convictions for DUI, second offense, in 2001 and DUI, third offense, in 2002, both in Jefferson County, Kentucky.

To enhance the current DUI charge to a fourth offense, the Commonwealth sought to rely upon the Bullitt County and Jefferson County convictions. This prompted Lamberson to seek suppression of his 2000 conviction arguing there was no proof the Bullitt District Court, before accepting his guilty plea, had verified he was aware of and had waived his right to be present at entry of his plea. The undisputed proof is that Lamberson was in a Missouri residential treatment facility when his attorney submitted two documents to the Bullitt District Court that Lamberson had signed and entered a guilty plea on his client's behalf. One document was a *"Boykin[5] Order"* listing the rights waived by entry of a guilty plea. The other was an AOC 495,[6] also known as a DUI Guilty Plea. The Commonwealth argued admission of these two documents, signed by Lamberson, satisfied *Boykin.*

Following a hearing in April of 2006 the trial court found suppression of the 2000 conviction was mandated by *Tipton v. Commonwealth,* 770 S.W.2d 239 (Ky.App. 1989) (Tipton, charged with a subsequent DUI offense, remained at work while his attorney signed a guilty plea form and entered a guilty plea for Tipton *in absentia* ). Quoting *Tipton,* the trial court granted Lamberson's suppression motion because it is "an abuse of discretion to accept a plea of guilty *in absentia* for any offense, such as driving under the influence, for which an enhanced penalty may be imposed for subsequent convictions." *Id.* at 242.

Admitting it had no new authority or facts, the Commonwealth moved the trial court to alter, amend or vacate its suppression order based on the three arguments it had made during the suppression hearing. First, *Boykin* was satisfied by submission of the two documents signed by Lamberson. Second, *Tipton* was inapplicable because, unlike the facts in the present case, Tipton had not personally signed any documents and there was no proof he was ever advised of the rights he was waiving by entering a guilty plea. Third and finally, Lamberson waived his ability to challenge the 2000 conviction by failing to do so when the Commonwealth used it to enhance his convictions for DUI, second offense, in 2001, and DUI, third offense, in 2002. Finding all of the Commonwealth's authority to be distinguishable and *Tipton* to be the controlling legal authority, the trial court rejected the waiver argument and again granted Lamberson's motion to suppress.

When the Commonwealth appealed to this Court in 2006, a motion panel stayed all trial court proceedings until the "interlocutory appeal becomes final." *Commonwealth v. Lamberson,* 201 S.W.3d 497 (Ky. App.2006). At this point, that stay has not been rescinded and remains in effect. After reviewing the merits, a second panel of this Court vacated the suppression order and remanded the matter to the trial court

---

4. In July of 1990, Lamberson was convicted in Florida on a charge of driving under the influence with serious bodily injury. That conviction was not considered for enhancement purposes because it occurred outside the five-year window permitted by KRS 189A.010(5).

5. A reference to *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

6. A standardized form created by the Administrative Office of the Courts to streamline the guilty plea process.

"for consideration of whether Lamberson's plea complied with [RCr] 8.28(4)." [7] *Commonwealth v. Lamberson*, 2007 WL 3317800 *1, No.2006–CA–001079–MR (rendered Nov. 9, 2007, unpublished). Specifically, the trial court was directed to make "further findings on the issue of whether Lamberson executed a written waiver of his right to be present when his guilty plea to DUI first offense was taken in 2000."

On January 16, 2008, on remand, the trial court entered an order finding Lamberson "had not executed a written waiver of his rights to be present when he entered his guilty plea *in absentia* to DUI 1st Offense." On January 31, 2008, the Commonwealth moved the trial court to issue a ruling on the *effect* of Lamberson's failure to execute a written waiver, in particular, its impact on the felony [8] indictment. Within its motion, the Commonwealth drew parallels between Lamberson's 2000 DUI, first offense, conviction and "a prior conviction for Persistent Felony Offender [PFO] purposes[.]" Citing *Commonwealth v. Ball*, 691 S.W.2d 207, 209 (Ky.1985); *Howard v. Commonwealth*, 777 S.W.2d 888 (Ky.1989); and *Alvey v. Commonwealth*, 648 S.W.2d 858, 859 (Ky.1983), the Commonwealth again argued Lamberson had waived the opportunity to challenge the 2000 conviction by failing to object to its use to enhance his DUI, second offense, conviction in 2001. When the motion was orally argued on February 4, 2008, Lam-berson's attorney again stated his client was prepared to enter a guilty plea to DUI, third offense.[9]

On March 18, 2008, the trial court entered an opinion and order finding: in 2000, Lamberson did not execute a "written waiver of his right to be present[;]" the two documents signed by Lamberson and submitted to the Bullitt District Court in 2000 established his plea was both "knowing and voluntary" for *Boykin* purposes, but neither paper contained a waiver of appearance; under RCr 8.28(4), absence of a written waiver of appearance precludes entry of a guilty plea *in absentia;* and finally, while *Tipton* was factually distinct from the Lamberson scenario (Tipton's *attorney signed* the plea agreement whereas *Lamberson personally signed* the plea agreement and a checklist of rights he was waiving) the absence of a signed waiver of appearance was fatal to use of the 2000 conviction for enhancement purposes; and concluded that suppression was mandated. It is from this opinion and order that the Commonwealth appeals. We reverse and remand. In this case of first impression, we hold a defendant must challenge a prior DUI conviction before an enhanced DUI conviction based upon it is entered.

## LEGAL ANALYSIS

As the Supreme Court of Kentucky specified in *Commonwealth v. Marr*, 250 S.W.3d 624, 626–27 (Ky.2008), "[w]hen

---

7. The version of RCr 8.28(4) in effect when Lamberson's plea was entered *in absentia* in 2000 read: "In prosecutions for misdemeanors or violations the court may permit arraignment, plea, trial and imposition of sentence in the defendant's absence. However, no plea of guilty to a violation of KRS 189A or KRS 218A may be entered in the defendant's absence, unless the defendant first executes a written waiver of his or her right to be present." The rule was amended again in 2009, but the provision at the heart of this appeal was not changed.

8. Defense counsel stated Lamberson was willing to plead guilty to DUI, third offense, which would be a misdemeanor under KRS 189A.010(5)(c).

9. At a hearing on April 2, 2008, the trial court stated it was inclined to retain jurisdiction of the charge, even though it would be reduced to a misdemeanor, rather than return it to Jefferson District Court for resolution.

reviewing a trial court's judgment with respect to a suppression hearing, the court's findings of facts are conclusive if they are supported by substantial evidence. RCr 9.78. The trial court's legal conclusions are reviewed *de novo*. *Adcock v. Commonwealth*, 967 S.W.2d 6, 8 (Ky. 1998)."

In the case *sub judice*, it is undisputed that Lamberson was not in the courtroom and was not even in Kentucky when his attorney entered a guilty plea for him to the charge of DUI, first offense. Furthermore, while Lamberson had personally signed a guilty plea form and a checklist of constitutional rights he would waive by entering a guilty plea, neither document, nor any other document signed by Lamberson, contained the written waiver of appearance specifically required by RCr 8.28(4). As a result, the Bullitt District Court should not have accepted his guilty plea in 2000. RCr 8.28(4); *Tipton*. Because the findings of the Jefferson Circuit Court, previously recited in this opinion, are supported by substantial evidence they are conclusive.

Having completed the first prong of our analysis, we turn now to the trial court's application of the law to the facts which we review *de novo*. As noted earlier, RCr 8.28(4) was amended in 1999, before the guilty plea to DUI, first offense, was entered for Lamberson by his attorney. The amended rule permits entry of a guilty plea *in absentia*, but only when the "defendant first executes a written waiver of his or her right to be present." While the two forms Lamberson signed confirm he knew the constitutional rights he would waive by entering a guilty plea, there was no written waiver of his right to be present at the entry of his guilty plea and that is the linchpin of both *Tipton* and RCr 8.28(4). Without such a waiver, use of a conviction entered in the accused's absence

for enhancement purposes runs afoul of *Tipton's* holding that accepting a guilty plea *in absentia* for any offense that can be used to enhance a future conviction is an abuse of the court's discretion.

The Commonwealth argues *Tipton* does not apply to the facts we review because there was evidence Lamberson knew his *Boykin* rights. We agree that Lamberson's signature on the guilty plea form and the *Boykin* order establish he understandingly, knowingly and voluntarily waived his *Boykin* rights, as the trial court found. However, the Commonwealth misses a crucial distinction between knowing and waiving one's *Boykin* rights and knowing and waiving one's *Tipton* right to appear in person during entry of a guilty plea; the two are not synonymous. *Boykin* specifies three federal constitutional rights for which waiver will not be presumed from a silent record—the privilege against compulsory self-incrimination, the right to be tried by a jury, and the right to confront one's accusers. *Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712. Distinct from this trio of federal rights is the state constitutional right guaranteed to every criminal defendant—the right to appear in court and "be heard by himself and counsel[.]" Section 11 of the Kentucky Constitution; *see also Butcher v. Commonwealth*, 276 S.W.2d 437, 438 (Ky.1955).

While a defendant may voluntarily absent himself from a court proceeding, there was no proof Lamberson was voluntarily absent in this case. There was evidence he was in a residential treatment facility in Missouri when a guilty plea was entered for him by his attorney, but there was no proof a continuance could not have been granted until he was able to attend. *See Veal v. Commonwealth*, 162 Ky. 250, 172 S.W. 501, 502 (1915). Furthermore, there was no proof Lamberson knew he had a right to attend the proceedings, and

therein lies the rub and the reason the 2000 conviction would normally not be allowed to be used to enhance a subsequent charge of DUI, fourth offense.

■ Though we hold the Bullitt District Court abused its discretion in accepting Lamberson's guilty plea *in absentia,* that is not the end of our inquiry. The Commonwealth also contends Lamberson waived the opportunity to challenge the 2000 conviction by allowing the Commonwealth, without objection, to use that same conviction to enhance DUI convictions in both 2001 and 2002. The Commonwealth maintains the same restrictions applicable to attacking a prior conviction for PFO purposes should apply to enhancement of a DUI offense under KRS 189A.010.

■ A defendant charged as a persistent felon must challenge any underlying conviction(s) at the first opportunity—in other words, before the enhanced conviction is entered—or forever waive the ability to challenge the validity of the prior conviction. *Howard v. Commonwealth,* 777 S.W.2d 888, 889 (Ky.1989) (failure to attack validity of prior conviction when charged as second-degree PFO bars future challenge when charged as first-degree PFO).[10] The "waiver logic" discussed in *Howard* was endorsed in *Graham v. Commonwealth,* 952 S.W.2d 206 (Ky.1997) and again in *Commonwealth v. Hodges,* 984 S.W.2d 100, 102 (Ky.1998) (defendant who had previously entered guilty plea to DUI, fourth offense, without challenging the three prior DUI convictions on which it was based, and was currently charged as a second-degree PFO, waived any alleged *Boykin* violation from the prior DUI convictions for PFO purposes where he had signed guilty plea forms demonstrating his awareness of his constitutional rights prior to entering the second and third guilty pleas). Since Lamberson did not question the validity of his conviction for DUI, first offense, until he was charged with DUI, fourth offense, a felony, the Commonwealth argues the time for Lamberson to question the validity of the 2000 conviction has long since expired.

The trial court dismissed the Commonwealth's waiver argument, stating only that the authority cited was distinguishable—*Tipton* focused on the actions of the court whereas *Howard* and *Hodges* focused on the actions of the accused. Perceived distinctions in those cases aside, neither the trial court nor Lamberson has offered case law or any other authority convincing us a challenge to enhancement under the DUI statute should be treated differently than enhancement under the PFO statute. Whether the Commonwealth proceeds under KRS 532.080 or KRS 189A.010(5), the result is the same—increased punishment—with the only difference being that DUI enhancement may result from a misdemeanor conviction acquired within five years of the subsequent offense whereas PFO enhancement is based solely upon prior felony convictions. This distinction is simply not great enough to allow those facing DUI enhancement to challenge their prior convictions at any time rather than at the first opportunity, as is the requirement for those who have achieved or qualify for enhanced sentences due to their status as persistent felons.

This appeal requires resolution of two lines of legal authority dealing with two distinct, though interwoven, matters. The trial court determined *Tipton* was the con-

---

**10.** We impose similar restrictions on other post-conviction challenges. *Gross v. Commonwealth,* 648 S.W.2d 853, 855–56 (Ky. 1983) (CR 60.02 and RCr 11.42 are not additional opportunities to relitigate the same issues that were or could have been raised via direct appeal).

trolling case in granting Lamberson's suppression motion. We disagree. While *Tipton* is certainly relevant to our ruling, we do not deem it the controlling legal authority. Relying upon *Tipton,* alone, we would affirm the trial court's entry of the suppression order for lack of a written waiver of Lamberson's right to appear at entry of the guilty plea. However, the Commonwealth's waiver argument demands further analysis. Thus, relying upon *Howard* and *Hodges,* we reverse and remand because Lamberson did not challenge the validity of his 2000 guilty plea until it had already been used to enhance DUI convictions in 2001 and 2002.

 *Tipton* was rendered by this Court in 1989, more than a decade before Lamberson's guilty plea was entered *in absentia* in Bullitt County. Similarly, RCr 8.28(4) was amended in 1999 to permit entry of a guilty plea *in absentia* to a DUI offense, but only upon execution of a written waiver of the right to be present. Thus, Lamberson had full opportunity to challenge his 2000 conviction for DUI, first offense, before pleading guilty to a charge of DUI, second offense, in 2001. For reasons known only to him and to his attorney, he did not do so and we hold that failure to be fatal on the strength of *Howard* and *Hodges.* We are convinced there is no practical difference in challenging a prior conviction the Commonwealth seeks to use for enhancement purposes whether the prosecution occurs under KRS 189A.010 or KRS 532.080. Thus, a challenge to the validity of a prior conviction offered for enhancement purposes under either statute must be made before the prior offense is successfully used to enhance a conviction. Having failed to attack his 2000 conviction in 2001, prior to pleading guilty to DUI, second offense, he may not launch such an attack now.

For the reasons expressed above, we reverse the Jefferson Circuit Court's order suppressing Lamberson's 2000 conviction for DUI, first offense, and remand the matter to the trial court for further proceedings consistent with this opinion.

ALL CONCUR.