[Cite as *State v. Menkhaus*, 2016-Ohio-550.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-04-035 |
| | : | O P I N I O N |
| - vs - | | 2/16/2016 |
| | : | |
| TAMMY M. MENKHAUS, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2014 CR 0326


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

William J. Rapp, Joshua R. Crousey, One East Main Street, Amelia, Ohio 45102, for defendant-appellant


**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Tammy M. Menkhaus, appeals from her conviction in the Clermont County Court of Common Pleas for operating a vehicle while under the influence of alcohol. For the reasons set forth below, we affirm.

{¶ 2} On June 26, 2014, appellant was indicted on one count of operating a vehicle while under the influence of alcohol (OVI) in violation of R.C. 4511.19(A)(1)(a). The offense

was charged as a fourth-degree felony as the indictment set forth an R.C. 2941.1413 specification, asserting that appellant had been convicted of five or more similar violations within the last 20 years. Specifically, appellant was alleged to have been convicted of OVI offenses in the following cases:

1. Boone Circuit Court Case No. 07-CR-456, Boone County, Kentucky (May 22, 2008);

2. Hamilton County Municipal Court Case No. 07-TRC-19364B, Hamilton County, Ohio (September 5, 2007);

3. Clermont County Municipal Court Case No. 2003-TRC-11206, Clermont County, Ohio (May 6, 2004);

4. Boone District Court Case No. 01-T-3665, Boone County, Kentucky (May 17, 2001); and

5. Clermont County Municipal Court Case No. 2000-TRC-1806, Clermont County, Ohio (March 2, 2000).

{¶ 3} On August 5, 2014, appellant filed a "Motion to Suppress/Motion to Dismiss," seeking to suppress evidence of her 2001 conviction in Boone District Court Case No. 01-T-3665 ("2001 conviction") and to have the state dismiss the pending felony OVI charge. Appellant argued the 2001 conviction could not be used to enhance the present OVI offense as the 2001 conviction was constitutionally infirm. Appellant contended the 2001 conviction resulted from a bench trial held in absentia after she failed to appear and that the conviction was obtained in violation of her federal and state constitutional right to be present at trial. Attached to appellant's motion were certified copies of court documents pertaining to the 2001 conviction. These documents demonstrated appellant had been charged with OVI as a second offense on March 16, 2001, and that appellant had demanded a jury trial. However, on the day of the scheduled trial, appellant failed to appear. Pursuant to appellant's attorney's request, appellant was tried in absentia. According to the court documents, the jury trial was waived and a bench trial was held where appellant was found guilty of a first-

- 2 -

offense OVI.

{¶ 4} The state responded to appellant's motion to suppress or dismiss by arguing that appellant was barred by res judicata from collaterally attacking the validity of the 2001 conviction. The state contended the 2001 conviction could be used as an enhancement for the current OVI charge as appellant had the opportunity to challenge the constitutionality of the 2001 conviction in 2008 and failed to do so. Specifically, the state argued appellant had been charged in Boone Circuit Court Case No. 07-CR-456 with operating a motor vehicle while under the influence, a second offense. Appellant's 2001 conviction had been used as an enhancement in the 2008 case, with the indictment specifying appellant had a prior OVI conviction in Boone District Court Case No. 01-T-3665. Appellant entered a guilty plea in the 2008 case without challenging the constitutionality of the 2001 conviction. For this reason, the state argued that appellant waived the right to challenge the constitutionality of the 2001 conviction, and further argued that the 2001 conviction could be used to enhance the current charges. In support of its argument, the state attached copies of court documents pertaining to the 2008 court case.

{¶ 5} A hearing was held on appellant's motion on September 8, 2014. Thereafter, on November 5, 2014, the trial court issued a decision denying appellant's motion to suppress or dismiss on two grounds. First, the trial court found appellant had not presented evidence demonstrating that she fell within the limited exception to the general rule that one cannot collaterally attack a prior conviction. The court noted that in Ohio, the only recognized constitutional infirmity allowing a collateral attack on a prior conviction has occurred where a defendant was convicted after being denied of her fundamental right to be represented by counsel, or the necessary corollary, without validly waiving her right to counsel. Because the court documents relating to the 2001 conviction demonstrated that appellant was represented by counsel, the court determined appellant could not collaterally attack the 2001

- 3 -

conviction.

{¶ 6} The trial court also denied appellant's motion on the ground that she waived her right to challenge the constitutionality of the 2001 conviction when she failed to assert her argument during the 2008 case in Boone County, Kentucky. The court stated that

> [t]here is no dispute that the defendant acquired a second DUI in Boone County, Kentucky in 2007, and was convicted in 2008. As part of that conviction, the 2001 conviction was used for enhancement purposes. Having failed to attack the 2001 conviction in her 2008 case, she cannot launch such an attack now. Under Kentucky law, any constitutional argument upon the 2001 conviction was waived; thus, the 2001 conviction is now valid for enhancement purposes in Ohio.

{¶ 7} Following the denial of her motion to suppress or dismiss, appellant entered a no contest plea to the felony OVI charge and its accompanying specification. Appellant was sentenced to a two-year mandatory sentence for the specification, which was ordered to be served consecutively to a two-year prison term for the underlying OVI conviction for an aggregate prison term of four years.

{¶ 8} Appellant timely appealed from her conviction, raising the following assignment of error:

{¶ 9} THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING THAT A PRIOR CONVICTION, OBTAINED BY A TRIAL *IN ABSENTIA*, COULD BE USED TO ENHANCE APPELLANT'S LEVEL OF OFFENSE.

{¶ 10} In her sole assignment of error, appellant challenges the trial court's denial of her motion to suppress or dismiss, arguing that a prior conviction obtained at a trial in absentia should not be used to enhance a later offense. Specifically, appellant contends that "where the constitutional defect is plainly evident and supported by the record, the trial court should not permit the improperly obtained conviction to elevate the level of a subsequent offense." In response, the state argues that the trial court's decision should be upheld as

appellant is making an impermissible collateral attack on the 2001 conviction.  The state argues that appellant's attempt to collaterally attack her 2001 conviction must fail as (1) she was represented by counsel in the 2001 proceedings, and (2) she waived the right to challenge the 2001 conviction by failing to challenge the conviction before pleading guilty to an OVI offense in 2008.

{¶ 11} "Generally, a past conviction cannot be attacked in a subsequent case; however, there is a limited right to collaterally attack a conviction when the state proposes to use the past conviction to enhance the penalty of a later criminal offense." *State v. Phillips*, 12th Dist. Butler No. CA2009-09-242, 2010-Ohio-1941, ¶ 6, citing *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶ 9.  "A conviction obtained without the assistance of counsel or with an invalid waiver of the right to counsel has been the only constitutional infirmity recognized with regard to a collateral attack on a conviction that was used to enhance a criminal penalty." *Id.* at ¶ 7, citing *State v. Culberson*, 142 Ohio App.3d 656, 659-660 (7th Dist.2001).  The United States Supreme Court expressly refused to extend the right to collaterally attack a prior penalty-enhancing conviction on grounds beyond the right to counsel.  *Custis v. United States*, 511 U.S. 485, 496, 114 S.Ct. 1732 (1994).  The court reasoned that collateral attacks on prior convictions should be limited to alleged uncounseled prior convictions, or the corollary of an invalid waiver of the right to counsel, because of (1) the administrative difficulties in having to rummage through frequently nonexistent or difficult-to-obtain state court files that may date from another era and come from any one of the 50 states, and (2) the interest in promoting the finality of judgments.  *Id.* at 496-497.

{¶ 12} Various courts of appeals in Ohio have agreed with the *Custis* court, finding that the only constitutional infirmity a criminal defendant may allege to collaterally attack a prior penalty-enhancing conviction is the denial of the fundamental right to be represented by counsel.  *See State v. Drager*, 2d Dist. Montgomery No. 26067, 2014-Ohio-3056 (declining to

extend the right to collaterally attack prior convictions that occurred when defense counsel entered guilty pleas on behalf of the defendant in the defendant's absence); *State v. Dowhan*, 11th Dist. Lake No. 2008-L-064, 2009-Ohio-684 (declining to extend the right to collaterally attack a prior conviction where the defendant's prior conviction was obtained in his absence); *Phillips*, 2010-Ohio-1941 (rejecting a defendant's argument that his prior conviction was subject to collateral attack on the basis that there was no written jury waiver); *State v. Mikolajczk*, 8th Dist. Cuyahoga No. 93085, 2010-Ohio-75 (rejecting a defendant's argument that his prior conviction was subject to collateral attack on the basis that the entry of conviction and sentencing failed to indicate he was advised of his constitutional rights); *Culberson*, 142 Ohio App.3d 656 (declining to extend the right to collaterally attack prior convictions on the basis that a defendant's prior guilty plea was not knowingly, voluntarily, and intelligently made).

**{¶ 13}** Although appellant urges this court to extend the right to collaterally attack a prior penalty-enhancing conviction to convictions obtained by a trial in absentia, we decline to do so for the reasons explained in *Custis*. We continue to hold that when a criminal defendant is collaterally challenging a prior penalty-enhancing conviction on the basis of constitutional infirmity, the only recognized constitutional infirmity is that he or she was denied the fundamental right to be represented by counsel, or the necessary corollary, an invalid waiver of the right to counsel. As appellant does not dispute that she was represented by counsel in the 2001 case, we find no error in the trial court's denial of his motion to suppress or dismiss.

**{¶ 14}** Further, we find that under the facts of this case, denial of the motion to suppress or dismiss was proper under the doctrine of res judicata. This doctrine provides that

a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶ 15} Here, the state presented evidence that appellant was charged with OVI as a second-offense in the 2008 case, with her 2001 conviction serving as a penalty-enhancement. Appellant, with counsel, entered a guilty plea in the 2008 case, thereby admitting her guilt and permitting the 2001 conviction to serve and an enhancement for her 2008 conviction. *See Kentucky v. Lamberson*, 304 S.W.3d 72, 78 (2010); *State v. Isbell*, 12th Dist. Butler No. CA2003-06-152, 2004-Ohio-2300, ¶ 16. Although appellant had the opportunity to collaterally challenge the constitutionality of her 2001 conviction in 2008, appellant did not raise the issue before the Boone Circuit Court or on direct appeal of her 2008 conviction. Because appellant was able to collaterally challenge her 2001 conviction on the basis that her constitutional rights were violated by a trial in absentia, and she failed to do so, any issue regarding the constitutionality of her 2001 conviction is barred by res judicata. *See State v. Mariano*, 11th Dist. Lake No. 2008-L-134, 2009-Ohio-5426, ¶ 14 (finding res judicata barred a defendant from collaterally challenging her prior convictions on the basis that the convictions were uncounseled when the defendant had a prior opportunity to raise the issue and failed to do so); *Lamberson*, 304 S.W.3d at 78 (holding that "a challenge to the validity of a prior conviction offered for enhancement purposes * * * must be made before the prior offense is successfully used to enhance a conviction").

{¶ 16} Accordingly, for the reasons set forth above, we find no error in the trial court's denial of appellant's motion to suppress or dismiss. Appellant's sole assignment of error is overruled.

{¶ **17**} Judgment affirmed.

M. POWELL, P.J., and RINGLAND, J., concur.