# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

*THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28 (4) (c), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS AUTHORITY IN ANY OTHER CASE IN ANY COURT OF THIS STATE.*

RENDERED: MAY 18, 2006
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2005-SC-0889-MR

RALPH STEPHENS BAZE, JR.                  APPELLANT

V.

APPEAL FROM ROWAN CIRCUIT COURT
HONORABLE WILLIAM B. MAINS, JUDGE
1993-CR-00001

COMMONWEALTH OF KENTUCKY           APPELLEE

**MEMORANDUM OPINION OF THE COURT**

<u>AFFIRMING</u>

This appeal is from a ruling by the circuit judge denying relief pursuant to CR 60.02. Baze raises essentially only one issue. He argues that the meaning of the word "conviction" is the same whether used as aggravation or mitigation; that due process requires that when non-final convictions are admissible as aggravation it applies to non-final convictions offered as mitigation; that it was error for the circuit judge to rely on Thompson v. Commonwealth, 862 S.W.2d 877 (Ky. 1993), because that case was expressly overruled by St. Clair v. Commonwealth, 140 S.W.3d 510 (Ky. 2004) and that the inability to present a 21-year federal sentence as mitigation effected the death sentence.

Baze was convicted of the murder of a sheriff and his deputy. He was sentenced to death and that sentence was affirmed on direct appeal. Baze v.

Commonwealth, 965 S.W.2d 817 (Ky. 1997). We then denied relief in his first RCr 11.42 action. Baze v. Commonwealth, 23 S.W.3d 619 (Ky. 2000). A second RCr 11.42 based appeal is being rendered today as is an additional CR 60.02 action.

Baze presents a single issue pursuant to CR 60.02 review in this case. He argues that the word "convictions" as used in KRS 532.025(1) should have been interpreted to allow him to present a non-final prior conviction as evidence of mitigation. The trial judge relied on Thompson v. Commonwealth, 862 S.W.2d 871 (Ky. 1993) and denied the admission of the requested evidence in mitigation. We have recently specifically overruled Thompson in St. Clair v. Commonwealth, 140 S.W.3d 510 (Ky. 2004). We affirm because there was no error, and if any, it was indeed harmless.

This matter is reviewed as a question of law *de novo*. It involves whether the decision in St. Clair, supra, regarding a non-final conviction should apply to mitigation as well as to aggravation evidence.

## I. SUCCESSIVE POST CONVICTION RELIEF REQUESTS

Our rules have for a long time provided an organized and complete method of review. The long standing policy provides that errors should first be presented on direct appeal. See Howard v. Commonwealth, 364 S.W.2d 809, 810 (Ky. 1963). RCr 11.42 then provides a process to attack an erroneous judgment for reasons that are not available on direct appeal. Gross v. Commonwealth, 648 S.W.2d 853 (Ky. 1983). RCr 11.42 requires the consolidation of all issues that reasonably may be presented in that proceeding. Multiple RCr 11.42 requests should not be considered. Crick v. Commonwealth, 550 S.W.2d 534 (Ky. 1977).

RCr 13.04 then allows application of the Civil Rules. CR 60.02 may then be used to present any additional issues specifically not available through direct appeal or

2

RCr 11.42 relief. CR 60.02 is intended to be used for and is limited to "special, extraordinary relief" not available in any other form or at any other time. Gross v. Commonwealth, supra.

RCr 11.42 is not intended to provide additional review of issues previously presented on direct appeal. Final disposition or waiver of that motion shall conclude all issues that reasonably could have been presented in that proceeding. Alvey v. Commonwealth, 648 S.W.2d 858 (Ky.1983). Disposition of a CR 60.02 motion must consider the factors of the rule where this Court may but is not required to grant relief from the judgment. Gross, supra. If any issue in a CR 60.02 motion could have been raised or should have been raised in previous actions, we refuse to grant relief. See Copeland v. Commonwealth, 415 S.W.2d 842 (1967).

CR 60.02 relief is discretionary and only intended for "special, extraordinary relief." Gross, 648 S.W.2d at 856. It was never meant to be used as just another vehicle to revisit issues that should have been included or could have been included in prior requests for relief. Nor is it intended to be used as a method of gaining yet another chance to relitigate previously determined issues. Prior decisions have attempted to make this manifestly clear yet we are repeatedly asked to review RCr 11.42 and CR 60.02 matters that are a clear violation of the rules. See Gross, supra.

In such matters, follow the rules. Present appropriate issues in an appropriate manner at an appropriate time. Do not hold back issues in reserve expecting to be able to present them as a potential future defense. A piecemeal attack of a judgment is not acceptable. All counsel are well advised to no longer ignore that position in the future.

3

## II. MITIGATION EVIDENCE

Baze seeks to have this Court define the word "conviction" so that it would allow presentation of non-final judgments as mitigation evidence. Admittedly, at first glance, it may seem absurd for a defendant to propose placing a prior conviction before a jury. The concept presented by counsel is however a potentially appropriate manner to defend against a common prosecution practice.

A jury could be swayed to impose a lesser sentence if they know that a defendant is already going to be serving a significant sentence for other crimes. The difficulty with that argument however is whether a jury should be told and should be allowed to believe that a sentence for a prior conviction has been imposed when that judgment is not final and may in fact be overturned. Is it proper for a jury to be told that a defendant will first serve a specified term of imprisonment before commencing any sentence for the subsequent conviction when, in fact, a pending or future appeal may negate that prior conviction?

We do not need to answer that question in the current case. The possible future danger of Baze to society was a significant issue during the penalty phase of the trial. The jury heard and was required to consider a potential sentence in the case that could have made Baze parole eligible shortly after his sixtieth birthday. Baze's position on the issue before us in the current CR 60.02 action is that had the jury been allowed to hear the mitigation evidence of the non-final prior conviction, they would have been able to consider that he would not become parole eligible until after his eightieth birthday. He suggests that had the jury known this information they may have been inclined to select a sentence less than death knowing that he would definitely remain incarcerated for at least an additional 20 years.

4

The jury was already presented with the option of choosing some sentence less than the maximum. If the jury had been concerned that Baze might someday return to society, they had the option of selecting a sentence of greatly enhanced parole eligibility. That alternative was rejected with the sentence of death. There is no compelling reason to believe that a difference in parole eligibility of 20 years would have changed the jury decision when the sentence rejected an option that would have resulted in an even longer sentence without the possibility of release. Because any possible error regarding the admission of mitigation evidence would have had no effect on the outcome and does not affect the substantial rights of a party, that error, if error at all, is harmless. RCr 9.24.

Baze received a fundamentally fair consideration. He was not deprived of any State or Federal due process.

The decision of the Circuit Court is affirmed.

Scott, J., not sitting. All others concur except Cooper, J., who concurs in result only.

COUNSEL FOR APPELLANT:

Susan Jackson Balliet
Assistant Public Advocate

David M. Barron
Assistant Public Advocate
Department of Public Advocacy
Suite 302, 100 Fair Oaks Lane
Frankfort, KY 40601


COUNSEL FOR APPELLEE:

Gregory D. Stumbo
Attorney General of Kentucky

David A. Smith
Assistant Attorney General
Criminal Appellate Division
Office of the Attorney General
1024 Capital Center Drive
Frankfort, KY 40601-8204