RENDERED: MAY 20, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0245-MR

MARK CRANMER                                                         APPELLANT

                      APPEAL FROM SHELBY CIRCUIT COURT
v.             HONORABLE CHARLES R. HICKMAN, JUDGE
                      ACTION NO. 17-CR-00003

COMMONWEALTH OF KENTUCKY                     APPELLEE

AND                           NO. 2020-CA-0795-MR

MARK CRANMER                                                         APPELLANT

                      APPEAL FROM SHELBY CIRCUIT COURT
v.             HONORABLE CHARLES R. HICKMAN, JUDGE
          ACTION NOS. 01-CR-00085, 02-CR-00162, 06-CR-00142,
            12-CR-00203, 13-CR-00030, AND 17-CR-00003

COMMONWEALTH OF KENTUCKY                     APPELLEE

\*\* \*\* \*\* \*\* \*\*

BEFORE:  CALDWELL, MᴄNEILL, AND TAYLOR, JUDGES.

CALDWELL, JUDGE:  Appellant Mark Cranmer ("Cranmer") appeals two (2) orders from the Shelby Circuit Court.  In each order, the circuit court denied his request for Kentucky Rules of Civil Procedure ("CR") 60.02 relief from a judgment and sentence imposed upon him for being a persistent felony offender predicated upon convictions for failing to register as a sex offender.  Having reviewed the record and the briefs filed, we affirm.

## FACTS

Cranmer entered a guilty plea to a sexually-based offense in 2002.  This conviction required that he comply with sex offender registration.[1]  For some time, he did comply with the requirement to register.  However, in 2006 he was indicted for failure to comply with the requirements of registration.  He pleaded guilty to the charge.

Again, he complied with the requirement he register as a sex offender for a period of time, until he again failed to maintain proper registration and was

---

[1] Kentucky Revised Statute ("KRS") 17.500 *et seq.*

indicted in 2012 and again in 2013 for that failure. Cranmer pleaded guilty in a combined plea and was sentenced to concurrent sentences of ten (10) years.

In 2017, he was indicted for trafficking in a controlled substance and for being a persistent felony offender ("PFO") in the first degree. The latter charge was predicated, in part, on the convictions for failure to register to which he had pleaded guilty. He again pleaded guilty to the trafficking and PFO charges and was sentenced to ten (10) years' imprisonment in 2018.

As Cranmer had entered guilty pleas to all charges in each case over the years, he did not pursue matter-of-right appeals. Rather, he filed a CR 60.02 motion in the Shelby Circuit Court seeking relief from the last case to which he entered a guilty plea, the convictions for trafficking and PFO in 2018. The Shelby Circuit Court denied relief. Not satisfied with the result, Cranmer filed a successive motion in Shelby Circuit Court seeking to set aside the denial of relief. It was likewise denied.

In matter No. 2019-CA-0245-MR, Cranmer, proceeding *pro se,* insists the trial court erred in denying the CR 60.02 motion in which he alleged the PFO conviction was infirm because he had not been appropriately informed of his duty to register when he pleaded guilty to the sexually-based offense in 2002. In matter No. 2020-CA-0795-MR, again proceeding *pro se*, he appeals the denial of his motion to set aside the prior order which is the subject of the No. 2019-CA-0245-

-3-

MR appeal. Having reviewed the records, the orders of the Shelby Circuit Court,

and the briefs of the parties, we affirm.

## STANDARD OF REVIEW

We review a trial court's determination as to whether one is entitled to

extraordinary relief under CR 60.02 for abuse of discretion. "The test for abuse of

discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair,

or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d

880, 886 (Ky. 2014) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky.

1999) (citations omitted)).

## ANALYSIS

In the first order, the Shelby Circuit Court cited *Alvey v.*

*Commonwealth*, 648 S.W.2d 858 (Ky. 1983). In *Alvey*, the Appellant had sought

post-conviction relief, seeking to collaterally attack the merit of underlying prior

convictions used to provide a predicate for a present PFO charge. The same day

*Alvey* was decided, the Supreme Court issued a companion opinion in *Gross v.*

*Commonwealth*, 648 S.W.2d 853 (Ky. 1983). In *Gross*, the Kentucky Supreme

Court explained that it is not proper to wait until post-conviction to launch a

collateral attack upon predicate offenses:

> The structure provided in Kentucky for attacking
> the final judgment of a trial court in a criminal case is not
> haphazard and overlapping, but is organized and
> complete. That structure is set out in the rules related to

-4-

direct appeals, in [Kentucky Rules of Criminal Procedure] RCr 11.42, and thereafter in CR 60.02. CR 60.02 is not intended merely as an additional opportunity to raise *Boykin*[2] defenses. It is for relief that is not available by direct appeal and not available under RCr 11.42. The movant must demonstrate why he is entitled to this special, extraordinary relief. Before the movant is entitled to an evidentiary hearing, he must affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief.

CR 60.02 was enacted as a substitute for the common law writ of coram nobis. The purpose of such a writ was to bring before the court that pronounced judgment errors in matter of fact which (1) had not been put into issue or passed on, (2) were unknown and could not have been known to the party by the exercise of reasonable diligence and in time to have been otherwise presented to the court, or (3) which the party was prevented from so presenting by duress, fear, or other sufficient cause. *Black's Law Dictionary, Fifth Edition*, 487, 1444.

*Id.* at 856.

Cranmer had opportunities to attack the underlying convictions at several occasions but did not avail himself of those opportunities. Instead of pleading guilty to the failure to register charges ultimately used as the predicate convictions for the PFO charge, he could have challenged the validity of the charges rather than pleading guilty beginning in 2006. Then again, he could have

---

[2] *Boykin v. California*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

litigated the propriety of the PFO charge in 2018, but again, he simply pleaded guilty. He cannot now complain when he wasted these opportunities.

> In situations such as this, where a defendant has been convicted of one or more felonies and is subsequently tried and convicted as a persistent felon based on the earlier convictions, this jurisdiction requires him to raise any issues about the validity of those earlier convictions at the time he is tried as a persistent felon. If he does not, he is precluded from contesting the validity of the earlier convictions in subsequent post-conviction proceedings.

*Alvey*, 648 S.W.2d at 859.

The second order appealed results from a successive CR 60.02 motion, essentially raising the same allegations as the first motion. We must first note that Cranmer failed to attach a copy of the order which he is appealing, in contravention of CR 76.12(4)(c)(vii).

When a litigant files a brief which fails to conform with the requirements of CR 76.12, we can respond in several different ways:

> Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only, *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990).

*Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010).

We note that Cranmer did attach the order to the notice of appeal, and while such does not cure the deficiency, it does place the order before this Court.

We will ignore the deficiency but caution Cranmer to ensure any future filings conform to the rules.

What we will not ignore is the successive nature of this second post-conviction motion. "Our interest in the finality of judgments and the timely imposition of sentences is axiomatic. Both the patience and resources of this Court are stretched by repeated motions for post-conviction relief . . . ." *Baze v. Commonwealth*, 276 S.W.3d 761, 768 (Ky. 2008). "CR 60.02 does not permit successive post-judgment motions . . . ." *Foley*, 425 S.W.3d at 884. Thus, we will not review the order denying Cranmer's successive motion which raises no new or additional grounds and simply rehashes the unpersuasive arguments contained in his earlier CR 60.02 motion.

## CONCLUSION

The trial court did not abuse its discretion in denying either CR 60.02 motion. We affirm the trial court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Mark Cranmer, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Kenneth Wayne Riggs
Assistant Attorney General
Frankfort, Kentucky