**Harry R. RUGGLES, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 20, 1970.

Harry R. Ruggles, pro se.

John B. Breckinridge, Atty. Gen., Robert W. Willmott, Jr., Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

Appellant, Harry R. Ruggles, who is confined in the penitentiary appeals here from an order of the Mason Circuit Court denying his motion made under RCr 11.42 to vacate a September 1952 judgment. After a plea of guilty he was convicted of the crime of rape and sentenced to the penitentiary for life without the right of parole. KRS 435.090. The facts are reported in Ruggles v. Com., Ky., 335 S.W.2d 344 (1960), which was his first attack on the judgment.

He now contends that United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), demonstrates the unconstitutionality of the " * * * statutory scheme under which a person accused of a capital crime is faced with the dilemma of risking death in order to assert his rights to a jury trial and to plead not guilty, or alternately, of pleading guilty to avoid possibility of capital punishment."

*Jackson* noted that the Federal Kidnapping Act, 18 U.S.C. § 1201(a), provides that a kidnapper shall be punished by death if the jury so recommends, and that there is no procedure for imposing the death penalty upon an accused who pleaded guilty after waiving his right to a jury trial. Therefore, the death penalty could be imposed only to those who " * * * contest [their] guilt before a jury." It held this to be repugnant to the Constitution.

The Kentucky procedure, at the time of the conviction, was, and now is, quite different from that condemned in *Jackson*. When Ruggles was tried KRS 431.130 provided, in part:

"A jury by whom an offender is tried in any court of this Commonwealth shall fix by its verdict a punishment to be inflicted within the periods or amounts prescribed by law; provided, however, that upon a verdict of 'guilty' or a plea of guilty or 'for the Commonwealth,' by agreement of the Commonwealth's attorney and the defendant, with advice of an attorney, the court may, within its discretion, and without the intervention of a jury, fix the degree of punishment within the periods or amounts prescribed by law, except in cases involving an offense punishable by death. * * *."

That statute has been replaced by RCr 9.84, which reads:

"(1) When the jury returns a verdict of guilty it shall fix the degree of the offense and the penalty, except where the penalty is fixed by law, in which case it shall be fixed by the court.

"(2) When the defendant enters a plea of guilty, the court may fix the penalty, except in cases involving offenses punishable by death."

Death was among the penalties authorized by the statute under which Ruggles was convicted. The jury, not the court, was required to fix his punishment whether the plea was "guilty" or "not guilty."

Hobbs v. Stivers, Ky., 385 S.W.2d 76 (1964). He was tried by a jury, which could have imposed the death penalty.

The judgment is affirmed.

All concur.