**Nathan A. HELEMS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 12, 1970.

Nathan A. Helems, pro se.

John B. Breckinridge, Atty. Gen., Joseph L. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

Appellant, Nathan A. Helems, pleaded guilty to the charge of armed assault with intent to rob (KRS 433.150) and waived trial by jury. The trial court asked Helems if he understood the consequences of his plea and if his counsel had fully explained and had advised him. Similar questions were propounded to Helems' appointed counsel. All answers were in the affirmative. The plea was then accepted and Helems was adjudged guilty and was sentenced by the court to serve 10 years in the penitentiary.

About three years later he petitioned the court to vacate the judgment. RCr 11.42. He alleged that he did not understand the nature of his plea, or the consequences of it and that he was coerced to plead guilty because of the "* * * Kentucky Statutory Scheme under which a person accused of a capitol crime is faced with the delemma of risking death in order to assert his rights to a jury trial and to plead not guilty; or alternately of pleading guilty to avoid the possibility of capitol punishment."

The trial court conducted a hearing and adjudged that the plea was not involuntary or coerced and that the applicable laws of this state do not violate constitutional rights. Being of the opinion that the ra-tionale of the following cases applies, we affirm. Ruggles v. Com., Ky., 451 S.W.2d 634 (1970); Messer v. Com., Ky., 454 S.W. 2d 694 (decided May 22, 1970) and Parker v. State of North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (decided May 4, 1970).

The judgment is affirmed.

All concur.