RENDERED: JULY 28, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1178-MR

BRAD LAWRENCE DENNEY                                             APPELLANT

v.
APPEAL FROM MCCREARY CIRCUIT COURT
HONORABLE DANIEL BALLOU, JUDGE
ACTION NO. 01-CR-00048-001

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, DIXON, AND McNEILL, JUDGES.

CETRULO, JUDGE: Appellant Brad Lawrence Denney ("Denney"), *pro se*, appeals the order of the McCreary Circuit Court denying his Kentucky Rule of Civil Procedure ("CR") 60.02 motion to vacate his judgment and sentence.

## FACTUAL AND PROCEDURAL HISTORY

In 2001, Denney was indicted for murder and first-degree robbery. Under Kentucky Revised Statute ("KRS") 532.025(2)(a)2. and 3., a murder committed while the defendant was engaged in the commission of first-degree

robbery constitutes an "aggravating circumstance" and subjects the defendant to the death penalty. The Commonwealth filed notice of the aggravating circumstance and sought the death penalty. However, in 2003, the Commonwealth moved to enter a plea agreement in which Denney would plead guilty to murder, and the Commonwealth would drop the first-degree robbery charge and recommend a life sentence.

The plea agreement stated that, "I understand that if I plead '**GUILTY**,' the Court may impose any punishment within the range provided by law and that although it may consider the Commonwealth's recommendation, the Court may reject it." The agreement did not outline the "range provided by law"; however, it stated that "[t]he legal penalty ranges are set forth on the attached [Offer on a Plea of Guilty ("Plea Offer")] which I [Denney] reviewed and signed." The Commonwealth had not filled in the "Penalty" sections of the Plea Offer, but the form did state that the first-degree robbery charge – the aggravating circumstance – was "dismissed in return for a plea of guilty to [murder]" and that the Commonwealth recommended a life sentence. Denney agreed to plead guilty. In accordance with the plea agreement, the trial court dismissed the first-degree robbery charge and sentenced Denney to life imprisonment.

The next year, Denney filed a Kentucky Rule of Criminal Procedure ("RCr") 11.42 motion to set aside his sentence, citing ineffective assistance of

counsel. Ultimately, this Court affirmed the trial court's denial of Denney's RCr 11.42 motion, finding that he was "unable to show that his counsel's performance was deficient, or that, even if it was deficient, Denney would not have pleaded guilty, but would have insisted on going to trial." *Denney v. Commonwealth*, No. 2007-CA-001384-MR, 2008 WL 2941140, at *3 (Ky. App. Aug. 1, 2008) (citation omitted). Following that denial, in 2009, Denney filed a motion to vacate the judgment and sentence under CR 60.02(e) and (f), alleging that his trial counsel had been ineffective because she failed to advise him of the defense of "extreme emotional disturbance." *Denny*[1] *v. Commonwealth*, No. 2011-CA-001232-MR, 2012 WL 2604599, at *1 (Ky. App. Jul. 6, 2012).

At the hearing on that motion, the trial court denied Denney's motion, concluding that the alleged mitigating defense did not apply to Denney but nevertheless, he had negotiated a plea of guilty. Further, because Denney waited to bring the claim until six years after the judgment, the trial court found he failed to show due diligence. However, the trial court failed to enter an order to that effect, and when Denney attempted to appeal that ruling, this Court determined "the alleged oral denial of [Denney's] CR 60.02 motion in May 2009 [was] a nullity." *Id.*

---

[1] There, the Court noted that it used the "Denny" spelling because the name was spelled that way in the notice of appeal; however, here, the plea agreement and notice of appeal use "Denney," so we use that spelling.

Denney then filed a second CR 60.02 motion in October 2010, "again asserting that his murder conviction should have been a manslaughter conviction due to his extreme emotional disturbance." *Id.* In that renewed motion, Denney added that his trial counsel was ineffective because counsel advised him "to enter a guilty plea after failing to ensure that Denn[e]y's witnesses would appear in court to testify at trial[,]" and failed to advise him of a voluntary intoxication defense. *Id.* The trial court denied Denney's CR 60.02 motion, holding that Denney should have raised his claims in his RCr 11.42 motion.[2] *Id.* This Court affirmed the trial court, finding that "[b]ecause [Denney's] ineffective assistance of trial counsel claims could have been asserted in his RCr 11.42 motion, the law in Kentucky states that his CR 60.02 motion fails." *Id.* at *3 (citation omitted).

Nearly a decade later, in 2021, Denney filed another CR 60.02(f)[3] motion to vacate the judgment and sentence, this time alleging that his 2003 guilty plea was coerced. As such, Denney claimed the plea agreement was void. The trial court denied the motion, finding that Denney had not presented "any credible argument warranting relief[.]" It further noted that "all aspects of the guilty plea

---

[2] Additionally, on appeal, Denney argued his post-conviction counsel was ineffective; however, this Court found, in part, that that issue was not properly before it because Denney had not raised that issue in the trial court. *Id.* at *2.

[3] While the introduction to Denney's brief states that he brought his CR 60.02 motion under subsections (e) and (f), Denney's statement of the case and arguments mention only subsection (f). As such, our analysis will focus on subsection (f).

and subsequent conviction were explored[,]" as part of the plea, "via evidentiary hearing and full appellate process[.]"  The trial court found no extraordinary basis for relief nor "any credible legal argument warranting vacating" the judgment. Denney appealed.

## STANDARD OF REVIEW

This Court reviews CR 60.02 motions under the abuse of discretion standard.  *Bethlehem Mins. Co. v. Church and Mullins Corp.*, 887 S.W.2d 327, 329 (Ky. 1994) (citation omitted).  "For a trial court to have abused its discretion, its decision must have been arbitrary, unreasonable, unfair, or unsupported by sound legal principles."  *Grundy v. Commonwealth*, 400 S.W.3d 752, 754 (Ky. App. 2013) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

## ANALYSIS

Although Denney outlines five "arguments" in his brief, each focuses on the same issue:  Denney's claim that the 2003 judgment and life sentence were illegal because they derived from the plea agreement, which he claims the Commonwealth obtained through coercion.  Specifically, Denney claims the Commonwealth coerced him because "the death penalty notice and applicable penalty option was still on the table" while the "plea negotiations and guilty plea agreement were pursued and [Denney's] guilty plea was accepted."  As such, he

claims the plea agreement was unconstitutional under *United States v. Jackson*, 390 U.S. 570, 88 S. Ct. 1209, 20 L. Ed. 2d 138 (1968) and "must be voided."

As an initial matter, the Commonwealth claims that Denney's brief failed to conform to Kentucky Rule of Appellate Procedure ("RAP") 32. While the Commonwealth is correct that this Court has discretion to strike such briefs – RAP 31(H)(1) – we are not required to do so. *See Swan v. Gatewood*, ___ S.W.3d ___, 2023 WL 3909425, at *4 (Ky. App. Jun. 9, 2023) (citing *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021) and *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010)) ("When an appellate advocate fails to abide by the appellate briefing rules, this Court has the option to . . . ignore the deficiency and proceed with the review[.]"). As we also have a commitment to liberally construe *pro se* pleadings, we decline to strike Denney's brief and will proceed with the review. *See Case v. Commonwealth*, 467 S.W.2d 367, 368 (Ky. 1971).

Next, the Commonwealth argues that Denney's CR 60.02 motion is procedurally barred because his coercion argument should have been raised in a prior proceeding. We agree. Our precedent is clear: "CR 60.02 is not intended merely as an additional opportunity to raise *Boykin*[4] defenses. It is for relief that

---

[4] "*Boykin v. Alabama*, [395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)] was an appeal from a final judgment of the Alabama Supreme Court, challenging the constitutionality of the manner in which a guilty plea had been taken." *Gross v. Commonwealth*, 648 S.W.2d 853, 855 (Ky. 1983). The Supreme Court found that Boykin's guilty plea was not based on a "reliable determination on the voluntariness issue[,]" and therefore was taken in error. *Boykin*, 395 U.S. at 242, 89 S. Ct. at 1712.

-6-

is not available by direct appeal and not available under RCr 11.42." *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983).

In *Gross*, the Kentucky Supreme Court explained that "CR 60.02 was enacted as a substitute for the common law writ of coram nobis." *Id.* Citing *Harris v. Commonwealth*, 296 S.W.2d 700 (Ky. 1956), our Supreme Court held that CR 60.02 did "not extend the scope of the remedy of coram nobis nor add additional grounds of relief." *Id.* Instead, it explained that it remained "an extraordinary and residual remedy to correct or vacate a judgment upon facts or grounds, *not appearing on the face of the record and not available by appeal or otherwise*, which were not discovered until after rendition of judgment without fault of the party seeking relief." *Id.* (emphasis added) (internal quotation marks and citation omitted).

The Commonwealth argues that Denney's motion did not meet that standard. It argues that Denney could have raised the coercion issue in his RCr 11.42 motion; therefore, relief under CR 60.02 is not appropriate. As the Commonwealth explains, RCr 11.42(3) requires that the motion "shall state all grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude all issues that could reasonably have been presented in the same proceeding." *Gross* and RCr 11.42(3) are clear that

Denney was required to state all known grounds for holding the sentence invalid when he filed his RCr 11.42 motion in 2004.

Likewise, in *Alvey v. Commonwealth*, 648 S.W.2d 858, 860 (Ky. 1983), the Kentucky Supreme Court held that "[t]here is a substantial difference between a situation in which the record in a guilty plea proceeding does not pass constitutional muster, and one in which post-conviction proceedings are filed after a defendant has already had an opportunity to raise issues about the validity of earlier guilty pleas but has failed to do so." *See also Copeland v. Commonwealth*, 415 S.W.2d 842, 843 (Ky. 1967), (The highest Court in Kentucky refused to grant CR 60.02 relief where the alleged unconstitutional act could (and should) have been raised in an earlier proceeding.). That established, our Supreme Court explained in *Gross*, that for a CR 60.02 motion to be successful, "there must be circumstances of an extraordinary nature justifying relief." 648 S.W.2d at 857. *See also Bishir v. Bishir*, 698 S.W.2d 823, 826 (Ky. 1985), *overruled on other grounds by Smith v. McGill*, 556 S.W.3d 552, 555 (Ky. 2018) (stating relief under CR 60.02 may be given only "where a clear showing of extraordinary and compelling equities is made."). No such extraordinary circumstances exist here.

Here, over the course of nearly two decades, Denney has filed an RCr 11.42 motion and three CR 60.02 motions; each time adding new claims to invalidate his judgment and sentence. Each time, he has included claims that were

known or reasonably should have been known when filing his RCr 11.42 motion. It was not until the fourth such motion that he referenced coercion or the illegality of his plea agreement. His failure to properly include *all* claims – including one alleging coercion – in his prior motions is substantially different from "a guilty plea proceeding [that] does not pass constitutional muster[.]" *Alvey*, 648 S.W.2d at 860. Denney has had not one, but three, bites at the apple. We need not afford him any more. *See id.*

There is no indication as to why Denney failed to present arguments under *Jackson* during his RCr 11.42 proceeding or his previous CR 60.02 proceedings. The United States Supreme Court published *Jackson* in 1968, which was 35 years before the trial court entered Denney's judgment and sentence. A decades-old argument certainly encompasses that which "reasonably could have been presented in that proceeding." *See Gross*, 648 S.W.2d at 857. As such, the trial court did not abuse its discretion when it determined Denney was foreclosed from raising those issues under CR 60.02 because they "could reasonably have been presented" by RCr 11.42 proceedings. *See id.*

Despite those shortcomings, Denney argues that the trial court erred when it denied the motion because he was forced to make an unconstitutional "Hobson's Choice" to plead guilty or face the death penalty, which he claims *Jackson* made unconstitutional. Although we need not address the merits of the

argument, as the motion was procedurally barred, we briefly address and discount Denney's argument for finality.

Denney claims that "[t]his is [a matter] of first impression"; however, the only thing this Court finds to be an addition to well-established precedence in our jurisprudence is the rebranding of the argument by way of a snazzy idiom. Indeed, numerous times since the Supreme Court entered *Jackson*, Kentucky courts have found it to be inapplicable to post-conviction motions for relief and plea negotiation cases. *See Angelo v. Commonwealth*, 451 S.W.2d 646, 647 (Ky. 1970); *Ruggles v. Commonwealth*, 451 S.W.2d 634, 635 (Ky. 1970); *Helems v. Commonwealth*, 456 S.W.2d 45, 46 (Ky. 1970); *Sutherland v. Commonwealth*, No. 2019-CA-000752-MR, 2020 WL 598305, at *2 (Ky. App. Feb. 7, 2020).[5]

In *Ruggles*,[6] published shortly after the Supreme Court published *Jackson*, the Kentucky Supreme Court addressed the same argument Denney now tries to frame as one "Kentucky has never addressed[.]" There, like here, the defendant contended

> that *United States v. Jackson*, 390 U.S. 570, 88 S. Ct. 1209, 20 L. Ed. 2d 138 (1968), demonstrates the unconstitutionality of the '* * * statutory scheme under which a person accused of a capital crime is faced with the

---

[5] Although *Sutherland* was not published, and therefore is not binding on this Court – RAP 41 – we find the case useful to depict that this Court interprets *Jackson* the same way, even 50 years later.

[6] Although *Ruggles* involved an RCr 11.42 motion, as discussed, Denney's claims would have been more appropriately brought under his RCr 11.42.

dilemma of risking death in order to assert his rights to a jury trial and to plead not guilty, or alternately, of pleading guilty to avoid possibility of capital punishment.'

*Ruggles*, 451 S.W.2d at 635.

However, the Kentucky Supreme Court noted that *Jackson* was quite incomparable to the defendant's case:

*Jackson* noted that the Federal Kidnapping Act, 18 U.S.C.[7] [§] 1201(a), provide[d] that a kidnapper shall be punished by death if the jury so recommends, and that there is no procedure for imposing the death penalty upon an accused who pleaded guilty after waiving his right to a jury trial. Therefore, the death penalty could be imposed only to those who '* * * contest (their) guilt before a jury.' It held this to be repugnant to the Constitution.

*Id.*

Therefore, the Kentucky Supreme Court found the defendant's argument that guilty pleas in Kentucky that took the death penalty off the table were "quite different" from the statutory scheme "condemned in *Jackson*." *Id.* As such, the Kentucky Supreme Court affirmed the trial court's denial of the defendant's motion to vacate. *Id.* at 635-36. Denney's motion fails on all fronts, and the trial court did not abuse its discretion by so finding.

---

[7] United States Code.

**CONCLUSION**

The trial court did not abuse its discretion when it denied Denney's

CR 60.02 motion. The McCreary Circuit Court is AFFIRMED.


ALL CONCUR.


BRIEF FOR APPELLANT:

Brad Lawrence Denney, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky